Lee McCRAW *v.* STATE of Arkansas

CR 77-192                                    561 S.W. 2d 71

Opinion delivered January 30, 1978
(Division I)

*Harold L. Hall,* Public Defender, by: *John W. Achor,* Chief Dep. Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Lee McCraw was found guilty of kidnapping and rape and sentenced to prison by the Pulaski County Circuit Court. He appeals his conviction alleging two errors: an identification of McCraw by the victim from the photographs of four individuals was unnecessarily suggestive that McCraw was the assailant and, therefore, the victim's in-court identification of McCraw should have been suppressed; also, McCraw argues that the evidence was insufficient to support the verdict.

We find no error in the record and affirm the judgment.

The victim testified that about 5:30 P.M. on November 12, 1976, her vehicle ran out of gas on a service road to an interstate highway in Pulaski County. She was waiting on a friend to pick her up when a big blue car drove up beside her. The driver, a black man, pointed a gun at her and ordered her into the vehicle. Fearing for her life she got in the car.

She said he ordered her to disrobe, get on the floorboard, and at gunpoint forced her to perform oral sex on him; she said he also fondled her. Apparently this occurred while the assailant drove around for the better part of an hour.

She described her assailant as a black man with some facial hair, wearing a floppy hat, dressed in a work uniform with dark blue pants and a light blue shirt.

She was able to see the name "Dude" in adhesive letters on the dashboard of the car. There were some letters above the word "Dude" but she could not make them out.

After being permitted to leave the vehicle she called her mother; the attack was promptly reported to the police. According to a police officer he was given a description of a black man that was five-seven or five-eight feet tall [about McCraw's height], medium build, medium complexion, wearing a work-type uniform. The vehicle was described as a heavy-type vehicle similar to a Cadillac with a dark blue top and a light blue bottom. He was told that on the dashboard of the vehicle in adhesive letters was the word "Dude."

The policeman made a search of the area and found a vehicle he thought met the description. It was a blue 1969 Oldsmobile with a vinyl top. The policeman shined his light on the dashboard and observed the words "Little Dude." The word "Little" was on top, and the word "Dude" was beneath. He questioned McCraw, who admitted being the owner of the vehicle. McCraw stated that no one had borrowed his car that day. McCraw was taken to the police station and photographed with a hat on. The policeman then took McCraw's photograph and three other photographs of young black men to the victim and she identified McCraw. There is

no evidence that the police officer made any suggestions to the victim. Later she identified McCraw in open court.

It is not denied that the police officer placed a hat on McCraw and took a picture of him. McCraw's photograph was the only one of a man wearing a hat. McCraw argues this was suggestive and that his identity was also suggested because one of the pictures shows an individual six feet four inches tall and another picture had a note on it "Sherwood Police, 1975." The police officer should not have used four photographs with only the appellant wearing a hat. However, the question to us is, was the photograph line-up as presented to the victim unnecessarily suggestive to the point that the in-court identification should have been excluded.

The United States Supreme Court, in reviewing a case where just one photograph was used for an identification, discussed the factors to be considered when admitting identification evidence:

> . . . reliability is the linchpin in determining the admissibility of identification testimony for both pre- and post-Stoval confrontations. The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. *Manson* v. *Brathwaite,* 97 S. Ct. 2243 (1977).

Applying this test to the photograph identification of McCraw, we find that the victim fairly accurately described McCraw's physical appearance and his dress; she showed no reluctance in identifying McCraw as her assailant when shown the four photographs; and, she provided information that was extremely incriminating — the word "Dude" on the dashboard of McCraw's vehicle. The incident, the report to the police, and the identification all occurred within a period of about three hours. The victim was in the presence of her assailant long enough to make observations about his appearance, dress, and his vehicle. Furthermore, she was ob-

viously in a position for some period of time to observe her assailant's features. Viewing the totality of the circumstances, we cannot say that the photograph line-up impermissibly suggested McCraw as the assailant.

The other argument of McCraw is that there was insufficient evidence to support the conviction. McCraw testified that he did not do it. He stated he got off work at about 5:30 p.m., went to McCain Mall, which was about two miles or so from the victim's stalled car, picked up his wife from work and went home. His employer testified McCraw did not leave work on the day in question until 5:30 p.m. and consequently could not have been present to commit the crimes. A co-worker's testimony supported the employer's testimony. McCraw's wife corroborated McCraw's testimony.

The alibi was a question of fact presented to the jury. We find substantial evidence to support the finding of the jury in this case.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.