638 S.W.2d 690 (1982)
6 Ark.App. 85
Willie H. WASHINGTON, Appellant,
v.
STATE of Arkansas, Appellee.
No. CA CR 81-113.
Court of Appeals of Arkansas.
September 8, 1982.
Bill D. Etter and Joe C. Boone, Jonesboro, for appellant.
Steve Clark, Atty. Gen. by William C. Mann, III, Asst. Atty. Gen., Little Rock, for appellee.
COOPER, Judge.
Appellant was convicted of second degree murder, and was sentenced to twenty years in the Arkansas Department of Corrections. As his only point for reversal, appellant argues that the trial court erred in failing to grant appellant's motion in limine, which sought to prohibit the State from offering evidence of, or questioning appellant about, a previous murder conviction. The trial court refused to grant the motion in limine. From that decision, comes this appeal.
The appellant indicated that he intended to testify in his own defense. Where a defendant in a criminal case testifies *691 in his own behalf, his credibility is placed in issue, and the State may impeach his testimony by proof of prior felony convictions. Gustafson v. State, 267 Ark. 278, 590 S.W.2d 853 (1979). The Uniform Rules of Evidence, Rule 609(a), Ark.Stat.Ann. § 28-1001 (Repl.1979), provides:
General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statements, regardless of the punishment.
The prior conviction for murder does not involve dishonesty or false statement, and therefore subsection (2) is not applicable to the case at bar.
In the case at bar, the trial court was required to weigh the probative value of the prior conviction against its prejudicial effect, since the prior conviction for murder would only be admissible because of its seriousness and not because it involved dishonesty. James v. State, 274 Ark. 162, 622 S.W.2d 669 (1981). A trial court has a great deal of discretion in determining whether the probative value of a prior conviction outweighs its prejudicial effect, and the decision of the trial court should not be reversed, absent an abuse of discretion. Cooley v. State, 4 Ark.App. ___, 629 S.W.2d 311 (1982).
A number of cases have dealt with the admissibility of prior felony convictions for the purpose of attacking credibility, where the prior felonies do not involve crimes of dishonesty. Some of the factors which should be considered by the trial court are:
(1) The impeachment value of the prior crime.
(2) The date of the conviction and the witness' subsequent history.
(3) The similarity between the prior conviction and the crime charged.
(4) The importance of the defendant's testimony.
(5) The centrality of the credibility issue. United States v. Mahone, 537 F.2d 922 (7th Cir. 1976), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976); United States v. Jackson, 627 F.2d 1198 (D.C. Cir.1980).
In Jones v. State, 274 Ark. 379, 625 S.W.2d 471 (1981), the Arkansas Supreme Court dealt with this issue. In that case, defense counsel had sought a pretrial motion asking that, in the event Jones elected to testify that the State be restrained from impeaching his credibility by showing that Jones had pleaded nolo contendere to an earlier charge which was identical to the one on which he was now being tried. The Supreme Court noted that the "prejudicial effect of the previous conviction clearly outweighed its value as bearing on credibility." That decision seemed to rest on the fact that the crime with which Jones was charged and the prior rape conviction, were both sexual crimes involving small children, thus highly prejudicial, and that the State was free to question Jones's credibility based on two other felony convictions which were for dissimilar crimes.
In Gordon v. United States, 383 F.2d 936 (D.C.Cir.1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), the United States Court of Appeals, District of Columbia Circuit discussed the admissibility of prior felony convictions. The court pointed out various factors which should be considered in determining whether to admit evidence of prior convictions. Additionally, the court noted that special problems were created when a prior conviction involved the same conduct for which the accused is on trial. The court indicated that it believed such convictions should be admitted sparingly because of the "inevitable pressure on lay jurors to believe that `if he did it before he probably did so this time'".
In United States v. Lewis, 626 F.2d 940 (D.C.Cir.1980), the same court dealt with the same issue. Lewis had earlier entered a guilty plea to the distribution of heroin, and at trial was defending himself on the basis *692 that he had no knowledge of the narcotics transaction with which he was charged. The Court of Appeals affirmed the trial court's determination that the probative value of admitting the evidence exceeded its prejudicial effect, even though the crimes were similar.
In the case at bar, appellant asserted the affirmative defense of self-defense, having admitted that he actually did shoot the deceased. There was a direct conflict in the evidence. The testimony of the State's witness, if accepted by the jury, would result in a murder conviction. The appellant's testimony, if accepted by the jury, would result in acquittal. Therefore, the whole case turned on the resolution of the credibility factor between the State's witness and appellant.
The purpose of impeachment evidence is to show background facts which bear directly on whether jurors ought to believe a particular witness, rather than other and conflicting witnesses. As was said in United States v. Lewis, supra:
Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary.
We cannot say that the trial court abused his discretion in admitting the prior felony conviction for purposes of impeaching the appellant's credibility, and therefore we affirm.
Affirmed.