Gordan Andrew BEARD, Sr., Johnny Neal MORRISON
and Marvis COOK *v*. STATE of Arkansas

CR 82-20                                    639 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered September 20, 1982

36

*David H. Williams,* for appellants.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The primary issue in this case is whether the double jeopardy rights of the appellants will be violated if they are required to stand trial following a mistrial due to a "hung jury." At 4:15 p.m., after approximately 50 minutes of deliberation, the jury foreman returned to the courtroom and reported to the court that the jury had first voted 7 to 5 for acquittal and then twice voted 9 to 3 for acquittal. He advised the court that one juror had "said that there was no way that anything that anybody could say that would make him say anything except guilty." The foreman stated that he was of the opinion that if the jury voted several more times the vote would not change. Thereupon, the court

had the jury brought into the courtroom where he told them that the foreman had reported it was "hopelessly deadlocked"; the court advised it would be necessary to have a retrial before another jury if they were unable to agree on a verdict; that he had a "booster" instruction which would urge them to reach a verdict to avoid the expense of a retrial; however, due to the explanation conveyed to him by the foreman, he felt it would be "a waste of your time for you to consider to deliberate or to continue and deliberate." He then declared a mistrial. The court's formal order reflects that appellants' attorney objected, requested further deliberation and the giving of the "Allen instruction" if subsequent efforts to reach a verdict were unsuccessful.

Before the retrial date, the appellants moved to dismiss the information on the ground that a retrial would violate the double jeopardy clause of Art. 2, § 8, Constitution of Arkansas (1874), and the Fifth Amendment to the United States Constituton. The motion was denied — hence this appeal which seeks to prohibit a retrial. The denial of a plea of double jeopardy is a final and appealable order. *Jones* v. *State,* 230 Ark. 18, 320 S.W.2d 645 (1959).

Appellants first contend that the trial court erred in declaring a mistrial because there was insufficient showing of "manifest necessity." The basic principle was articulated in *United States* v. *Perez,* 22 U.S. (9 Wheat) 579 (1824) as follows:

> We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere.

The statutory authority for discharging the jury is found in Ark. Stat. Ann. § 43-2140 (Repl. 1977), which provides in pertinent part:

> If . . . after being kept together such a length of time as the court deems proper, they do not agree in a verdict, and *it satisfactorily appears that there is no probability they can agree,* the court may discharge them. (Italics supplied.)

This statute lays down essentially the same rule as did the ABA Standard for Criminal Justice (2nd. Ed. 1980) § 15 - 4.4 (c), which states:

> The jury may be discharged without having agreed upon a verdict if *it appears that there is no reasonable probability of agreement.* (Italics supplied.)

No mechanical formula for determining when discharge of the jury is proper is contemplated by the statute or the ABA Standards. The commentary to § 15.135 states in pertinent part:

> Instead the real question is whether the jury was required to deliberate an unreasonable length of time or *was threatened with the prospect of such unreasonably lengthy deliberations . . . .* The reasonableness of the deliberation period depends on such factors as the length of the trial, the nature or complexity of the case, the volume and nature of the evidence, the presence of multiple counts or multiple defendants, and the jurors' statements to the court concerning the probability of agreement. (Italics supplied.)

This was a short trial. All of the proceedings, which included selection of the jury, arguments of counsel, presenting evidence, giving instructions, including an hour and a half lunch break, were completed and the case was submitted to the jury by 3:25 p.m. of the same day. This case was a simple charge of theft of property, Ark. Stat. Ann. § 41-2203 (Repl. 1977), which did not involve complicated facts nor require complex instructions that would cause the jury unusual difficulty. The testimony of the state's witnesses was undisputed. The only question for the jury was whether to infer guilt from the undisputed circumstantial evidence. Each defendant was charged with only one count.

The charge and the evidence were the same with respect to each. The statement of the jury foreman certainly indicated that there was no reasonable probability of agreement. We cannot say, upon consideration of all the relevant factors, that the trial court, which was in a better position than we to evaluate the situation, abused its discretion when it declared a mistrial.

Appellants also argue and cite cases which they say support the proposition that the trial court is required to question each juror whenever the jury has not spontaneously claimed a deadlock. Here, however, the record indicates that the jury foreman returned to the courtroom and spontaneously reported to the court the difficulty the jury was having. Further, as indicated, the court then had the jury return to the courtroom where he explained to it the information conveyed by the foreman that the jury was hopelessly deadlocked. No juror objected nor disagreed with the foreman's report.

Appellants next contend that the evidence is insufficient, as a matter of law, to support a conviction and, therefore, it would constitute double jeopardy to permit a retrial. The state responds that in the absence of a final judgment the issue of the sufficiency of the evidence is not properly before the court. Suffice it to say that we consider the evidence sufficient. At approximately 1 a.m. it was discovered that the signal system on the railroad tracks was malfunctioning. An employee of the railroad and a deputy sheriff drove to the scene to investigate. As they approached a vehicle was observed with its headlights on leaving the area. This vehicle stopped and before the headlights were turned off they saw some activity about the truck. In about five minutes the headlights on the truck came on and it then approached the investigating officers who stopped it. The appellants were the occupants. The railroad employee went to the scene where the vehicle first stopped and found beside the road copper wire which had been cut from the railroad premises. This wire was used to control the signals. Laboratory tests of appellants' clothing and gloves showed traces of copper. Certainly, this evidence, when viewed most favorably to the appellee as we must do on appeal, consti-

tutes substantial evidence. *Cooper* v. *State*, 275 Ark. 207, 628 S.W.2d 324 (1982).

In a subordinate argument, appellants assert that there is no evidence of the value of the property by any witness qualified to so testify. As abstracted, there was no objection made to the testimony of the value witness, a railroad employee. The record, however, reflects that the trial court sustained appellants' objection to the railroad employee's testimony that a stock catalogue, with which the witness was familiar, indicated the value of the wire. Following a recess, the stock catalogue, customarily used by the railroad for replenishment purposes, was acquired and then this witness was permitted to state the catalogue price without any further objection. We find no error. See Uniform Rules of Evidence, Rule 803 (17).

Affirmed.