Rickey Gene BELL *v.* STATE of Arkansas

CA CR 82-82                                    644 S.W.2d 601

Court of Appeals of Arkansas
Opinion delivered December 1, 1982
[Rehearing denied January 12, 1983.*]

*Cooper and Glaze, JJ., would grant rehearing.

390

*H. David Blair,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant, Rickey Gene Bell, was charged with aggravated robbery and kidnapping on November 24, 1980. He was convicted by jury verdict and sentenced to thirty years imprisonment. He now brings this appeal.

In viewing the evidence in the light most favorable to the appellee, as we must do on appeal, we find that on the morning of November 24, 1980, the state's principal witness, Donnie Payton, was working at Cross Roads Amoco Service Station in Independence County, Arkansas. Appellant, Rickey Gene Bell, drove into the service station and got one dollar's worth of gas. He paid for the gasoline and left. Approximately twenty minutes later, he came back to the service station and asked Mr. Payton to fill up the gasoline tank. Mr. Payton thereupon went back into the service station and appellant followed him. Appellant put a gun to Mr. Payton's head and told him to open the cash register. Appellant subsequently took between $150 and $200 out of the cash register. He then told Mr. Payton to get into the car and they left together. They rode around for approximately twenty to thirty minutes, at which time appellant let Mr. Payton out of the car on a country road.

Appellant's first point for reversal is that the trial court erred in its ruling regarding the extent to which the state would be allowed to prove past convictions for the purpose of impeaching appellant's credibilty on the witness stand. Before trial, appellant sought a preliminary ruling regarding the extent to which details of previous convictions would be admissible. The trial court allowed proof beyond

the fact of felony conviction and appellant alleges that this was error. The trial court, however, limited the inquiry by the prosecution to whether or not appellant was convicted of a felony and what that felony was.

Ark. Stat. Ann. § 28-1001, Rule 601 (a) (Repl. 1977) reads in pertinent part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted, but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involves dishonesty for false statement regardless of the punishment.

Appellant specifically cites *Jones* v. *State,* 274 Ark. 379, 625 S.W.2d 471 (1981) for this point. In *Jones, supra,* appellant was charged with sexual abuse in the first degree. The defense counsel presented a pre-trial motion asking the court to rule that if Jones elected to testify the prosecution could not impeach his credibility by showing that Jones had pleaded nolo contendere to an earlier charge of rape. It was argued that the prejudicial effect of the earlier conviction would outweigh its probative value. The Arkansas Supreme Court agreed with appellant, holding that the prejudicial effect of the previous conviction clearly outweighed its value bearing on credibility. The court recognized that at the pre-trial hearing, it was admitted by defense counsel that Jones's two previous convictions for burglary and theft would be admissible if he testified. Hence, the court held that a third conviction, for a similar sexual assault upon a little boy, would have been of scant probative value as compared to its significantly prejudicial effect on the jury.

In *Smith* v. *State,* 277 Ark. 64, 639 S.W.2d 348 (1982), appellant was tried and convicted of the offense of rape. On appeal, he contended that it was error for the trial court to deny the defendant's motion in limine and allow into evidence prior convictions of the defendant. Appellant had

previously been convicted of the offenses of burglary and rape, and the trial court ruled that the evidence was admissible to impeach the credibility of appellant. On appeal, the Arkansas Supreme Court affirmed the decision of the trial court, holding that the trial court did not abuse its discretion, and "these matters must be decided on a case by case basis." The court specifically recognized that although the evidence might not be admissible under Rule 404 (b), it could be admissible under Rule 609 for a purpose of attacking the credibility of a witness.

In *Washington* v. *State,* 6 Ark. App. 85, 638 S.W.2d 690 (1982), appellant was convicted of second degree murder, and his only point for reversal was that the trial court erred in failing to grant his motion in limine, which sought to prohibit the state from offering evidence of a previous murder conviction. Appellant indicated that he intended to testify in his own defense. The court recognized that where a defendant in a criminal case testifies in his own behalf, his credibility is placed in issue and the state may impeach his testimony by proof of a prior felony conviction. [See *Gustafson* v. *State,* 267 Ark. 278, 590 S.W.2d 853 (1979)]. The court also recognized that a trial court has a great deal of discretion in determining whether the probative value of the prior conviction outweighs its prejudicial effect, and the decision of the trial court should not be reversed absent an abuse of discretion. See also *Cooley* v. *State,* 4 Ark. App. 238, 629 S.W.2d 311 (1982). As set out in *Washington, supra,* some of the factors which should be considered by the trial court are:

1. Impeachment value of the prior crime.

2. The date of the conviction and the witness's subsequent history.

3. The similarity between the prior conviction and the crime charged.

4. The importance of the defendant's testimony.

5. The centrality of the credibility issue.

The Arkansas Court of Appeals held in *Washington* that the trial court did not abuse its discretion in admitting the prior felony conviction for purposes of impeaching appellant's credibility. The court recognized that there was a direct conflict in the evidence. The testimony of the state's witnesses, if accepted by the jury, would result in a murder conviction. The appellant's testimony, if accepted by the jury, would have resulted in an acquittal. Therefore, the whole case turned on the resolution of the credibility factor between the state's witness and the appellant.

In the instant case, if appellant had testified, his testimony would have been in direct conflict to the testimony of the state's principal witness. Hence, we have the same situation as was present in *Washington*. Furthermore, appellant has failed to show that any unfair prejudice would result from the state introducing the prior felony conviction. It is unclear from the record, but, at one point, the trial court made the statement that the previous convictions dealt with a burglary conviction and a breaking and entering conviction. Hence, it is the opinion of this court that there was no abuse of discretion in the trial court's decision to allow the state to impeach appellant's credibility by naming the previous felony convictions.

Appellant's second point for reversal is that his right against double jeopardy was violated when the trial court ordered a second trial after the jury could not reach a verdict in the first trial. Upon conclusion of the first trial, the jury retired and deliberated for approximately an hour and fifteen minutes. Upon their return, the foreman informed the court that they had been unable to reach a verdict. The court allowed the jury to deliberate for a while longer. The jury returned after another hour and informed the court that they had still not reached a verdict. The trial judge allowed the jury to retire again. The jury was brought back to the courtroom after two additional hours, and the court asked the foreman if they had made any progress. The foreman told the trial judge that the jury was split down the middle. The court asked the foreman if he thought it would make any difference if the jury had a night's sleep. The foreman

stated that he thought in his opinion it would not. The court thereupon declared a mistrial.

Ark. Stat. Ann. § 43-2140 (Repl. 1977) provides in pertinent part:

> If, after retirement, [the jury] does not agree in a verdict, and it satisfactorily appears that there is no probability they can agree, the court may discharge them.

Ark. Stat. Ann. § 43-2141 (Repl. 1977) provides:

> In all cases where a jury is discharged, the cause may again be tried at the same or another term of the court.

This very issue was decided by the Arkansas Supreme Court in *Beard, Morrison and Cook* v. *State*, 277 Ark. 35, 639 S.W.2d 52 (1982) in which it was held that a defendant's double jeopardy rights are not violated if he is required to stand trial following a mistrial due to a hung jury.

Appellant's third point for reversal is that the trial court erred in failing to exclude an in-court identification by the alleged victim, which was tainted by a suggestive pre-arrest identification procedure. Appellant bases this assertion on the fact that the state's principal witness, Donnie Payton, identified appellant in a photographic lineup in which he also viewed five other pictures with similar characteristics of appellant. Previous to the photographic lineup, Donnie Payton had gone through several mug books in which he could not identify the appellant. Appellant's picture was in one of the mug books, but testimony indicated that this picture was four years old, and that appellant did not look the same. Thereafter, a photographic lineup was provided to Mr. Payton. He subsequently identified appellant as the man who committed the robbery.

The rule is that suppression of an in-court identification is not warranted unless the pre-trial photographic lineup was so suggestive as to create a substantial likelihood

of irreparable misidentification. *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981). Factors to be considered in testing the reliability of a lineup identification are:

1. Opportunity of the witness to view the criminal at the time of the crime.

2. The witness's degree of attention.

3. The accuracy of the witness's prior description of the criminal.

4. The level of certainty demonstrated by the witness at the confrontation.

5. The length of time between the crime and the confrontation.

See *Fountain, supra; McCraw* v. *State,* 262 Ark. 707, 561 S.W.2d 71 (1978).

Applying the factors to the instant case, Donnie Payton identified appellant pursuant to the photographic lineup on the same day that the robbery was committed. He had the opportunity to view the criminal for a long period of time during the robbery and kidnapping. He gave an accurate description of the criminal to the police. Furthermore, he positively identified appellant at the photographic lineup and also in court. Hence, we hold that there was no element of suggestiveness in the pre-trial lineup identification and accordingly, it was not error for the trial court to refuse to suppress the in-court identification.

Appellant's final point for reversal is that the trial court erred in admitting testimony regarding glue-sniffing by the appellant. The state's counsel referred to appellant sniffing glue during the alleged crime in his opening statement and also, he elicited a statement from Donnie Payton of the incident. Both times, appellant's counsel moved for a mistrial. His argument was based on Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979), which states that evidence of other crimes or acts is inadmissible to show that the

defendant acted in conformity therein. He also cites Rule 403, contending that the probative value is substantially outweighed by unfair prejudice to the defendant.

This argument is clearly answered by the case of *Young v. State,* 269 Ark. 12, 598 S.W.2d 74 (1980) wherein it is held that although the general rule is that evidence of other crimes by the accused, not charged in the indictment and information and not a part of the same transaction, is not admissible at the trial of the accused, evidence of other criminal activity is admissible under the res gestae exception to the general rule to establish the facts and circumstances surrounding the alleged commission of the offense. See also *Euton v. State,* 270 Ark. 121, 603 S.W.2d 468 (Ark. App. 1980).

Affirmed.

MAYFIELD, C.J., concurs.

COOPER and GLAZE, JJ., dissent.

MELVIN MAYFIELD, Chief Judge, concurring. This case and the case of *Williams v. State,* 6 Ark. App. 410, 644 S.W.2d 608, also decided today, are just two examples of the difficulty that courts are having with a rule of evidence in effect in the federal courts and in many of the state courts in this nation.

In these cases the defendants asked the trial court to rule on whether the state could ask them about prior convictions in the event they testified in their defense. In both cases the court ruled that the prior convictions would be admissible. Neither defendant testified and both contend on appeal that the ruling of the trial court was wrong. I concur in the result reached by the majority in these cases because I would hold that the trial court had no duty to make the advance ruling and that a defendant who does not take the stand waives his objections to the ruling.

In *United States v. Johnston,* 543 F.2d 55 (8th Cir. 1976), the court said: "Moreover, until Johnston took the stand,

which he chose not to do, the court had no duty to rule on his pretrial motion regarding the admissibility of evidence of his prior convictions for purposes of impeachment." There are other federal circuit courts which have held that a defendant's failure to take the stand does not constitute a waiver of his objection to the trial court's ruling. See 3 J. Weinstein & Berger, *Weinstein's Evidence* § 609[05] (1981). In that regard, the case of *United States* v. *Cook,* 608 F.2d 1175 (9th Cir. 1979), is of interest. In the majority opinion, six judges held, on this point, that the defendant's failure to take the stand did not waive his right to challenge, on appeal, the trial court's ruling that he could be impeached by prior convictions if he testified. The opinion pointed out that in some cases in the past the court had held to the contrary, but said "we believe it is unrealistic to continue to refuse to review these rulings unless the defendant takes the stand."

Five judges disagreed. In one opinion, four of those judges said:

> This court should begin to question whether its attempts to devise new and further refinements for the criminal procedure system serve in any real sense to secure a fair and just trial.

In a separate opinion, another judge said:

> What I believe the majority is doing is creating another device which more often will lead to reversal of otherwise entirely proper convictions than to prevention of injustice. Put differently, what the majority requires may well satisfy our intellectual aspirations for justice but is unlikely otherwise to serve the ends of justice.

The *Cook* case makes it clear that there is no constitutional question involved on the single point of whether the trial court's advance ruling is reviewable on appeal when the defendant does not testify. In *New Jersey* v. *Portash,* 440 U.S. 450 (1979), the constitutional implications of the pretrial ruling were considered only because the state system had

done so and the right of appellate review when the defendant had not testified was not an issue. Even so, one Justice wrote:

> [A] requirement that such a claim be adjudicated on appeal only when presented by a defendant who has taken the stand prevents a defendant from manufacturing constitutional challenges when he has no intention of taking the stand and testifying in his own behalf. More fundamentally, such disembodied decisionmaking removes disputes from the factual and often legal context that sharpens issues, highlights problem areas of special concern, and, above all, gives a reviewing court some notion of the practical reach of its pronouncements.

Arguments for and against allowing review when the defendant obtains a ruling but does not take the stand are well presented in *United States* v. *Cook, supra,* and we need not reiterate here. The defendants in the instant case and in *Williams* v. *State,* handed down today, both sought to limit the evidence of their prior convictions to the *fact* of conviction and thus to exclude the details of the conviction. Although I do not agree that this should be the rule in all cases, I do think it would be the proper rule in some cases.

In my view this should be a part of the balancing test provided in Rule 609 (a). In some cases the *fact* of the prior conviction would be admissible but the details of the conviction would not be because the prejudicial effect would then outweigh the probative value. I would hold, however, that the defendant must actually take the stand and testify before the court can properly perform the necessary balancing test contemplated in Rule .609 (a). As the four-judge dissent in the *Cook* case says, that is the time when the probative value of the conviction can be balanced against its prejudicial effect with the most care and precision. Without that actual testimony and the actual offer of the prior convictions (whether this is done in the courtroom or in chambers), the trial court, and the appellate court on review, can only speculate on the evidence and rule in the dark.

As to the balancing test, I would like to see a common-sense, practical approach. The factors set out in our case of *Washington* v. *State,* 6 Ark. App. 85, 638 S.W.2d 690 (1982), are proper and worthwhile but are not all-inclusive. I would hope that no list, no ritual, no fetish, would replace the trial judge's discretion and sense of what is right. And I would hope that the appellate courts would remember that the trial judge rules in the arena and not in the library.

JAMES R. COOPER, Judge, dissenting. I dissent for the reasons expressed in my dissenting opinion in *Williams* v. *State,* 6 Ark. App. 410, 644 S.W.2d 608 (1982), and an additional reason. Because of the facts in this case, some amplification is necessary. This is the appellant's second trial on this charge. The first trial ended in a mistrial. In both trials, the appellant's counsel agreed to stipulate to the *fact* that the appellant was a convicted felon, but he sought to preclude the State from showing the nature of the prior convictions and from showing more than one conviction. Apparently, the appellant had approximately ten prior convictions.

In the first trial, the trial court denied the appellant's motion. In the second trial, the trial court ruled that the State could show the convictions, including the nature of the felonies, but that the State could not go into the facts which led to the convictions, nor the sentences received for them. Based on that ruling, the appellant's counsel informed the trial court that the appellant would have testified in his own behalf had it not been for the trial court's ruling. He also informed the trial court of the substance of the appellant's testimony.[1]

The appellant's offer to stipulate to the *fact* of the prior convictions, and his requested limitation of the State's proof, came after the State had rested its case and before the

---

[1]This was clearly done at the hearing in the first trial. It is somewhat unclear whether the record of the first hearing was incorporated into the record of the second trial, but that procedure was followed at least for one other motion. (T. 456). For the purpose of this discussion, I assume that the appellant raised the question in the same manner in his second trial as he did in the first.

appellant's defense began. As in *Jones* v. *State,* 274 Ark. 379, 625 S.W.2d 471 (1981), and *Williams* v. *State,* 6 Ark. App. 410, 644 S.W.2d 608 (1982), the appellant did not take the stand and no evidence concerning the prior convictions ever reached the jury.

As noted in my dissent in *Williams,* the case at bar is *not* a routine case where this Court should determine if the trial court erred in balancing probative value against prejudicial effect. The added element, *i.e.,* appellant's stipulation of the *fact* of the prior felony conviction, has not been dealt with in either case. *Williams* and the case at bar are substantially different from *Smith* v. *State,* 277 Ark. 64, 639 S.W.2d 348 (1982), *Jones* v. *State,* 274 Ark. 379, 625 S.W.2d 471 (1981), and *Washington* v. *State,* 6 Ark. App. 85, 638 S.W.2d 690 (1982).

The appellant argues that the trial court's ruling had a chilling effect on his decision to testify. I would reverse and remand this case based on the reasons in my dissenting opinion in *Williams.*

In the case at bar, I would reverse and remand for another reason. Under Rule 609 (a) (1), before the trial court can allow prior convictions into evidence for impeachment purposes, he must balance the probative value of the prior convictions against their prejudicial effect on the jury. I cannot see how the trial court can properly balance the probative value of prior convictions against their prejudicial effect until the appellant has testified on direct examination, or, at the very least, until the appellant has proffered his testimony, and the State has proffered its evidence concerning the prior convictions.

The trial court made a blanket ruling that the State would be allowed to prove all of the appellant's prior felonies, however many there were, and the type of crime underlying each conviction, but would not be allowed to go into the specific details of each crime nor the sentence received. I cannot determine whether the trial court had sufficient information before him to perform the mandatory balancing required under Rule 609 (a) (1). To this extent, I

agree with Judge Glaze's dissenting opinion in *Williams*. An on-the-record determination by the trial court, considering the factors that this Court outlined in *Washington v. State*, 6 Ark. App. 85, 638 S.W.2d 690 (1982), and such other factors as may be appropriate in a given case, will enable the appellate courts to decide these cases on the law and the facts, rather than on the assumption that the trial court properly performed his duty. Like Chief Judge Mayfield, I do not advocate a ritual or list, but I would require that something be contained in the record to show that the trial court *did* exercise his discretion as required by Rule 609 (a) (1). I also note that I do not necessarily disagree with the approach suggested by Chief Judge Mayfield in his concurring opinion in the case at bar, that whether more information than the *fact* of the prior conviction should be admitted may, in an appropriate case, merely be another factor to consider in the balancing process.

Chief Judge Mayfield has indicated that he would hold that the trial court had no duty to make an "advance ruling" on the admissibility of appellant's prior convictions, in the event that he testified. This issue was not raised by either party, and is not properly before this Court.

I note that *Smith* v. *State, supra,* and *Washington* v. *State, supra,* were appeals from the denial of motions *in limine and* the admission into evidence of the prior felony convictions. *Jones* v. *State, supra, Williams* v. *State, supra,* and the case at bar were appeals from the denial of motions *in limine* only. While the Arkansas Supreme Court has not clearly decided the question raised by Chief Judge Mayfield, it certainly treated the question as being one which was properly before it in *Jones* v. *State, supra.*[2]

---

[2]For a discussion of the arguments for and against allowing review by an appellate court when the defendant does not testify, see *United States* v. *Cook*, 608 F.2d 1175 (9th Cir. 1979) (en banc), *cert. denied,* 444 U.S. 1034, 100 S. Ct. 706, 62 L.Ed.2d 670 (1980).