Billy Joe LINCOLN
*v.* STATE of Arkansas

CA CR 83-117                                670 S.W.2d 819

Court of Appeals of Arkansas
En Banc
Opinion delivered June 20, 1984

*John W. Settle,* Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. In this case the appellant was charged with attempted murder in the first

degree. He was tried by a jury, found guilty, and sentenced to twenty-five years in the Department of Correction. We reverse and remand for a new trial.

The appellant presents two points on appeal. First, he argues the trial court incorrectly allowed testimony concerning another act of misconduct committed by him. Second, he argues it was error for the trial court to hold that the state could question him concerning a prior conviction for manslaughter when other convictions were available for impeachment purposes.

The events which gave rise to the attempted murder charge occurred on June 1, 1982. A witness for the state testified that earlier the same night the appellant and another person had an argument and appellant waved a pistol around during this argument.

This matter was discussed in *Alford* v. *State,* 223 Ark. 330, 334, 266 S.W.2d 804 (1954), where the Arkansas Supreme Court said:

> If other conduct on the part of the accused is independently relevant to the main issue — relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal —then evidence of that conduct may be admissible, with a proper cautionary instruction by the court.

That case was decided before Arkansas adopted the Uniform Rules of Evidence which became effective July 1, 1976. *See* Ark. Stat. Ann. § 28-1001 (Repl. 1979). Uniform Rule 404(b) provides:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The case of *Price* v. *State,* 267 Ark. 1172, 599 S.W.2d 394

(Ark. App. 1980), pointed out that Rule 404(b) codified the rule in existence before the Uniform Rules were adopted. The opinion also said that the rule is most difficult to apply, although the court in *Alford* said the results reached "have been harmonious to a high degree." We do not think it would be helpful to make an extensive review of the cases, but we do note *Rowdean* v. *State,* 280 Ark. 146, 655 S.W.2d 413 (1983), because it seems factually similar to the one before us. In that case the appellant was convicted of first degree murder for shooting a man outside a nightclub. Evidence was admitted to show that earlier the same night the appellant pulled a gun on a patron of a drive-in. The first incident was totally unrelated to the second and the Arkansas Supreme Court held it should not have been admitted into evidence and the case was reversed and remanded for a new trial.

The Court of Appeals' decision in *Price* v. *State, supra,* was reviewed and affirmed by the Arkansas Supreme Court which held that the evidence of other crimes offered under Rule 404(b) should be scrutinized under the provisions of Rule 403. The court said:

Although Rule 404(b) does not expressly provide for a balancing test with respect to the prejudicial effect of other crimes evidence where independent relevancy is established, the primary reason for excluding such evidence in the first instance is its prejudicial nature. Since an objection to the admission of other crimes evidence inherently raises an issue of prejudice, it is mandatory for the trial judge to also review the objections under the evidentiary standards prescribed by Rule 403. Therefore, other crimes evidence will be admitted only if it has independent relevancy and its relevancy is not "substantially outweighed" by the danger of unfair prejudice.

*Price* v. *State,* 268 Ark. 535, 539, 597 S.W.2d 598 (1980).

While the court did not say how the trial judge is to perform the Rule 403 "balancing test" the case of *United States* v. *Sangrey* 586 F.2d 1312 (9th Cir. 1978) is cited as

authority that the test should be made and *Sangrey* said "we refuse to require a mechanical recitation of Rule 403's formula on the record as a prerequisite to admitting evidence under Rule 404(b)." *Price* also cited *United States* v. *Conley,* 523 F.2d 650 (8th Cir. 1975), *cert. denied,* 424 U.S. 920 (1976), which says a judge admitting such evidence should immediately caution the jury about its use *unless* the cautionary instruction is waived.

In the first *Price* case, 267 Ark. 1172, 599 S.W.2d 394, the Court of Appeals referred to authority which suggested that one consideration in determining whether evidence of other acts is admissible under Rule 404(b) might be the strength of the proffered evidence itself — could the jury believe the acts occurred — and in the recent case of *Golden* v. *State,* 10 Ark. App. 362, 664 S.W.2d 496 (1984), we referred to authority which indicated that the probative value of Rule 404(b) evidence might correlate inversely to the strength of the prosecution's case.

In *Thomas* v. *State,* 273 Ark. 50, 55, 615 S.W.2d 361 (1981), the court said that it would be wise not to hold evidence of other crimes, wrongs, or acts inadmissible as a matter of law and leave it instead to the trial court's discretion, subject to a case-by-case consideration. Although we are reluctant to interfere with that discretion, we have concluded in this case that the evidence, that appellant had an argument with another man earlier the same night and that he waved a pistol around during that argument, should not have been admitted. It was unrelated to the shooting for which the appellant was charged and tried and we fail to see its relevancy to the later incident. Moreover, the evidence of the earlier incident is indefinite and lacking in detail, and the evidence of the shooting with which appellant was charged is fairly strong.

Since the case must be reversed and remanded for a new trial, it is necessary to discuss the second point raised in this appeal. Knowing that his credibility could be attacked under Uniform Evidence Rule 609(a), the appellant moved in limine that the state not be allowed to question him concerning certain previous convictions. His attorney told

the court that the appellant had been convicted for manslaughter and for a drug violation. It was his request that the state be confined to asking whether the appellant had been convicted of a felony. He contended that the number of convictions and the crimes for which appellant was convicted were irrelevant. The motion was overruled by the court and the appellant argues in this appeal that he could have been properly impeached by the previous felony drug conviction and that it was prejudicial error to allow the state to show the previous manslaughter conviction in this case where appellant was charged with attempted murder. The appellant says the reason he did not take the stand was because he did not want to risk impeachment by the highly prejudicial manslaughter conviction.

We note first that *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983), holds that the situation where a defendant asks for an advance ruling holding that he not be exposed to cross-examination about certain convictions is subject to abuse in that he may not intend to testify at all and yet ask for a ruling with the hope of leading the trial judge into reversible error with a possibility of a new trial and a second chance of acquittal. Therefore, the court adopted the following rule:

> In future cases, to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609.

We also note that neither this court nor the Supreme Court has established any mechanical formula to be followed in performing the balancing test required by Rule 609(a). In *Washington* v. *State*, 6 Ark. App. 85, 638 S.W.2d 690 (1982), we held that the trial court has a great deal of discretion in determining whether the probative value of the evidence of a prior felony conviction outweighs its prejudicial effect, and that the decision of the trial court should

not be reversed absent an abuse of that discretion. In *Williams* v. *State*, 6 Ark. App. 410, 644 S.W.2d 608 (1982), we said this weighing process must be decided on a case-by-case basis and our statement in *Williams* was noted by the Arkansas Supreme Court in *Floyd* v. *State*, 278 Ark. 342, 346, 645 S.W.2d 690 (1983), as being a correct statement of the law.

In *Floyd* the court also rejected the argument that when the defendant takes the stand and admits he has been convicted of a felony he has been impeached and the state should not be allowed to further impeach him. To the contrary, the court said he may be asked "how many times he has been convicted." The same issue was involved in *Bell* v. *State*, 6 Ark. App. 388, 644 S.W.2d 601 (1982), where, as a concurring opinion points out, the defendant wanted to limit the evidence of prior convictions to the *fact* of conviction, 6 Ark. App. at 398. The majority opinion held that "there was no abuse of discretion in the trial court's decision to allow the state to impeach appellant's credibility by naming the previous felony convictions."

For the reasons we have indicated, the judgment in this case is reversed and it is remanded for a new trial.

COOPER and GLAZE, JJ., concur.

JAMES R. COOPER, Judge, concurring. I concur in the majority's disposition of the Rule 404(b) argument, and, therefore, I agree that this case should be reversed and remanded for a new trial. However, I cannot agree with the majority's disposition of the Rule 609 argument. Therefore, for the reasons expressed in my dissenting opinions in *Williams* v. *State*, 6 Ark. App. 410, 644 S.W.2d 608 (1982) and *Bell* v. *State*, 6 Ark. App. 388, 644 S.W.2d 601 (1982), I dissent from the portion of the majority opinion which affirms as to Rule 609.

TOM GLAZE, Judge, concurring. I concur. In *Williams* v. *State*, 6 Ark. App. 410, 644 S.W.2d 608 (1982), I dissented because I believed definite guidelines should be established when the admissibility of impeachment evidence under

Rule 609 of the Arkansas Rules of Evidence is involved. The majority court in *Williams* rejected my views on the subject and refuses again in this cause to compel the trial court to make its findings required under the Rule 609 balancing process to be on the record. While I now join the majority in the result it reached in this case, I still have the same opinion as I expressed in my dissent in *Williams*.