David ASHLEY v. STATE of Arkansas

CA CR 86-225 732 S.W.2d 872

Court of Appeals of Arkansas
Division I
Opinion delivered July 22, 1987

*Baxter, Eisele, Duncan & Jensen*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. A Pulaski County Circuit Court jury convicted appellant, David Ashley, of aggravated robbery and sentenced him to fifteen years in the Arkansas Department of Correction. He argues on appeal that the court erred in admitting into evidence certain identification testimony and that the evidence was insufficient to support the verdict.

In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), the Arkansas Supreme Court held that when there is a challenge to the sufficiency of the evidence, we must review that point prior to considering any alleged trial errors and, in doing so, we must consider all the evidence, including any which may have been inadmissible, in the light most favorable to the appellee.

There is evidence in the record that about 10:30 p.m. on November 20, 1985, the owner and a clerk of a liquor store in southwest Little Rock were sitting behind the counter at the front of the store when two white men entered. One of the men remained at the front while the other man, who was wearing a jacket and had his hands in his pockets, went to the back of the store and looked into a beer cooler and into the storeroom where customers were not authorized to go. A little while later, the man at the front took a beer from a cooler and asked the man at the back if he had what he wanted or if everything was okay, and the man said "Yeah." The owner of the store testified that this caused him to feel that something was going to happen so he got up and walked to the rear of the store, passing the man in the jacket who was returning to the front of the store.

About that time, the man in the front of the store pulled a pistol on the clerk, told him not to move, and that this was a robbery. The owner then emerged from the storeroom with a

shotgun and yelled, the clerk dropped to the floor, and the men ran out the door and into the woods. The owner chased them for a distance and fired a shot in the air, but both men disappeared into the woods. Nothing was taken from the store and no one was hurt.

Several days later the store owner identified, from a photographic array, the appellant as the man in the jacket who went to the back of the store. He made the same identification at trial. Although the clerk identified the gunman, he was unable to identify the man in the jacket.

Robbery is committed when a person employs or threatens to employ physical force upon another with the purpose of committing a theft. Ark. Stat. Ann. § 41-2103 (Repl. 1977). Aggravated robbery is committed if a person is armed with a deadly weapon when he commits a robbery. Ark. Stat. Ann. § 41-2102 (Supp. 1985). A person is an accomplice of another if he aids another in planning or committing an offense. Ark. Stat. Ann. § 41-303 (Repl. 1977). An accomplice is criminally liable for the conduct of another person. Ark. Stat. Ann. § 41-302 (Repl. 1977).

Appellant relies on *Hicks* v. *State*, 271 Ark. 132, 607 S.W.2d 388 (1980), in support of his argument that he was only an innocent bystander during this episode and that the state failed to show he had the necessary intent to show accomplice liability. In *Hicks*, two black men and a black woman entered a 7-11 store. While the woman distracted the clerk, one of the men took several bills out of the cash register. After being apprehended, that person implicated Hicks. However, the pictures taken by a hidden surveillance camera showed only that Hicks stood near the cash register and near the other two people and that he had a bill in his hand. The court held this was insufficient evidence to sustain a conviction as an accomplice. The court stated:

> The term accomplice does not embrace [one] who had guilty knowledge or who is morally delinquent; it includes only one who takes or attempts to take some part, performs or attempts to perform some act or owes some legal duty to the victim of the crime to prevent its commission; and mere presence, acquiescence, silence, or knowledge that a crime is being committed, in the absence of some legal duty to act, concealment of knowledge or failure to inform officers

of the law, is not sufficient to make an accomplice.

271 Ark. at 136.

■ Appellant also cites *Green* v. *State*, 265 Ark. 179, 577 S.W.2d 586 (1979), in which our supreme court reversed and dismissed the conviction of a man who had entered a Church's Fried Chicken place and made a purchase. As soon as he returned to the car, his companions entered and robbed the restaurant. Although one of the accomplices testified that it was Green's job to see how much money was in the cash register, the court said:

The question of evidence necessary to corroborate an accomplice's testimony to the extent of allowing a case to be submitted to a jury is necessarily governed by the facts and circumstances of each case as it is presented. Evidence which is merely suspicious in nature is insufficient, or if it is as consistent with innocence as guilt, it is not enough to submit the question of the defendant's guilt to the jury.

265 Ark. at 182.

■ On appeal, we review the evidence in the light most favorable to the state and affirm if there is substantial evidence to support the conviction. *Harris* v. *State*, 262 Ark. 680, 561 S.W.2d 69 (1978). Substantial evidence is evidence that is of sufficient force and character that it will compel a reasonable mind to reach a conclusion one way or the other, but it must force the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980); *Pickens* v. *State*, 6 Ark. App. 58, 638 S.W.2d 682 (1982). Intent is a state of mind which is not ordinarily capable of proof by direct evidence, but it may be inferred from the circumstances. *Johnson* v. *State*, 7 Ark. App. 172, 646 S.W.2d 22 (1983). The fact that evidence is circumstantial does not render it insubstantial. *Williams* v. *State*, 258 Ark. 207, 523 S.W.2d 377 (1975). Presence of an accused in the proximity of a crime, opportunity, and association with a person involved in the crime in a manner suggestive of joint participation are relevant factors in determining the connection of an accomplice with the crime. *Redman* v. *State*, 265 Ark. 774, 580 S.W.2d 945 (1979). Jurors are allowed to draw upon their common knowledge and experience in reaching a verdict from the facts directly proved. *Johnson & Carroll* v. *State*, 276 Ark. 56, 632

S.W.2d 416 (1982). Furthermore, the action of fleeing from the scene of the crime is relevant to the issue of guilt. *Jones v. State*, 282 Ark. 56, 665 S.W.2d 876 (1984); *Murphy v. State*, 255 Ark. 90, 498 S.W.2d 884 (1973).

 We do not think the *Hicks* and *Green* cases, relied upon by appellant, can be taken to mean that the evidence in this case is insufficient for conviction. Both of those depended upon the testimony of an accomplice which must be corroborated in order to support a conviction. In this case, when viewed in the light most favorable to the state, there is evidence, that does not come from an accomplice and needs no corroboration, from which the jury could find that appellant and the gunman were acquainted; that they entered the liquor store together on foot; that appellant surveyed the back of the store and when asked if everything was okay, replied that it was; that this served as a signal to the gunman who then attempted to rob the store; and when confronted with the owner brandishing a shotgun, instead of dropping to the floor as an innocent bystander would do, appellant put himself directly in the line of fire by fleeing into the woods with the gunman. The appellant's argument is based strictly on his interpretation of the facts. However, reconciling conflicts in the testimony and weighing the evidence are matters within the exclusive province of the jury, *Brown v. State*, 278 Ark. 604, 648 S.W.2d 67 (1983), and the jury's conclusion on credibility is binding on this court. *Thomas v. State*, 266 Ark. 162, 583 S.W.2d 32 (1979).

Appellant also argues that the trial court erred in admitting into evidence the identification made of him by the liquor store owner. Appellant filed a motion to suppress the identification because of a photographic lineup on December 2, 1985. The motion was denied by the trial court and appellant argues this was error because the photospread was unduly suggestive and created a substantial likelihood of an in-court misidentification.

 The law regarding photographic arrays was summarized in *Beed v. State*, 271 Ark. 526, 609 S.W.2d 898 (1980), as follows:

Although the reliability of eyewitness identification is normally a question for the jury, the fundamental fairness of identification procedures addresses itself to the trial

court. . . . Although the question whether a pretrial photograph identification procedure is unduly prejudicial may be a mixed question of law and fact, . . . we should not reverse the trial judge's decision unless, viewing the totality of the circumstances, it is clearly erroneous. . . . Identification testimony is properly admissible, if from the totality of the circumstances the confrontation did not give rise to a very substantial likelihood of irreparable misidentification. . . . [Citations omitted.]

. . . .

The test we apply in such identifications is based on factors stated in *Manson* v. *Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. 2d 140 (1977). *McCraw* v. *State*, 262 Ark. 707, 561 S.W.2d 71. They are: the opportunity of the witness to view the criminal at the time of the crime, the degree of attention of the witness, the accuracy of the prior description of the criminal, the level of certainty demonstrated at the confrontation and the time between the crime and the confrontation.

271 Ark. at 539 and 541.

Applying those factors to the evidence in this case reveals that appellant was in the liquor store for five to six minutes; the store owner was watching him carefully because his conduct had aroused suspicion; less than two weeks after the robbery, the owner chose appellant's picture out of six similarly appearing men; just two days after the robbery, the owner viewed a photospread which did not contain appellant's picture, and made no identification; and the owner unequivocally identified appellant in court. An in-court identification can be held inadmissible as a matter of law only if, after viewing the totality of the circumstances, it can be said that the identification was patently unreliable. *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982). We reverse the trial judge on this issue only if we find he was clearly wrong. *Beed* v. *State, supra.* We cannot say the trial judge was clearly wrong in this case.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.