John David GALLAGHER *v.* CITY OF VAN BUREN

CA CR 89-75                                        786 S.W.2d 837

Court of Appeals of Arkansas
Division II
Opinion delivered February 28, 1990

194

*Robert S. Blatt*, for appellant.

*Steven G. Peer*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, John David Gallagher, was tried before a jury on May 19, 1988, for the offense of driving while intoxicated. The jury was unable to reach a verdict and the trial court declared a mistrial. On November 23, 1988, the matter was retried with the same result. On January 6, 1989, appellant filed a motion to dismiss on the ground that to try him a third time when two previous jury trials had resulted in "hung juries" would subject him to double jeopardy in violation of the Constitution of the United States and the Constitution of the State of Arkansas. The trial court denied the motion and this appeal followed.

Appellant's only argument on appeal is that his motion to dismiss on double jeopardy grounds should have been granted. Appellant contends that a retrial is prohibited because the appellee failed to present constitutionally sufficient evidence at the first or second trials to warrant a conviction, and that under the ruling in *Burks* v. *United States*, 437 U.S. 1 (1978), the court

should not be able to try him again by presenting substantially the same evidence.

The answer to appellant's argument is found in *Richardson* v. *United States*, 468 U.S. 317 (1984). In *Richardson* a jury acquitted the petitioner of one of several counts against him, but was unable to agree as to the remaining counts. The trial court declared a mistrial as to the remaining counts and set them for retrial. Richardson moved to bar his retrial, alleging a second trial would subject him to double jeopardy because evidence sufficient to convict on the remaining counts had not been presented at the first trial. The motion was denied and Richardson appealed.

The United States Supreme Court found the claim unavailing because the protection of the Double Jeopardy Clause applies only if there has been some event, such as an acquittal, which terminates the original jeopardy. The Court stated:

> [W]e hold . . . that the failure of the jury to reach a verdict is not an event which terminates jeopardy. Our holding in *Burks* established only that an appellate court's finding of insufficient evidence to convict on appeal from a judgment of conviction is for double jeopardy purposes, the equivalent of an acquittal; it obviously did not establish . . . that a hung jury is the equivalent of an acquittal. . . . [W]e reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficieny of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.

468 U.S. at 325-26.

Article 2, Section 8 of the Arkansas Constitution provides in pertinent part:

> [N]o person, for the same offense, shall be twice put in jeopardy of life or liberty; but if, in any criminal prosecution, the jury be divided in opinion, the court before which

the trial shall be had may, in its discretion, discharge the jury, and commit or bail the accused for trial at the same or the next term of said court.

Although appellant cites no Arkansas cases on the issue presented in this case, the appellee cites the case of *Beard, Morrison & Cook* v. *State*, 277 Ark. 35, 639 S.W.2d 52 (1982), which held that the double jeopardy rights of the appellants in that case would not be violated if they were required to again stand trial after the court had declared a mistrial when the jury at the first trial had reported it was "hopelessly deadlocked."

■ The appellant in the instant case has presented nothing to suggest that the above quoted provision of the Arkansas Constitution is not in harmony and agreement with the rule set out in *Richardson* v. *United States, supra.*

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.