Cassandra Kay ALFORD *v.* STATE of Arkansas

CA CR 90-175                               804 S.W.2d 370

Court of Appeals of Arkansas
Opinion delivered February 27, 1991.

*William R. Simpson, Jr.*, Public Defender, by: *Omar F. Greene II*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. On September 13, 1989, Cassandra Kay Alford, appellant, pled guilty to theft of property for which imposition of sentence was suspended for a period of three years. On November 14, 1989, the State filed a petition to revoke, alleging that appellant had violated the terms of her suspended sentence by again committing theft of property on November 2, 1989, and filed an information charging her accordingly. By agreement, the petition to revoke and the theft charge were presented on the same evidence before the trial court sitting without a jury. Appellant was found guilty of theft of property and sentenced to a term of five years in the Arkansas Department of Correction. The trial court also revoked her prior suspension and sentenced her to a four-year term for the prior offense, with the two sentences to run consecutively. On appeal, appellant challenges the sufficiency of the evidence with regard to both the conviction for the November 1989 theft and the revocation. We find no error and affirm.

The record indicates that on November 2, 1989, appellant arrived at a department store in a white jeep, accompanied by Shelly North, Ben Racy, and appellant's sister, Brenda Alford. All four entered the store together. Appellant and Racy went to the men's department; the other two women went to the ladies' department. The security guard observed Brenda Alford take merchandise and, while Shelly North diverted the clerk's attention, place it in her purse. He also observed Brenda place other merchandise in Shelly's purse. Meanwhile, another store employee observed Racy exit the store, walk to the jeep and get in it, and then return to the store. After Brenda and Shelly had concealed the merchandise, they walked toward the front of the store and appellant and Racy followed. The security guard stopped Brenda and Shelly, and a scuffle ensued. He grabbed the purses, both of which Brenda was holding. Brenda then attempted to hand one of the purses to appellant, who reached for it but could not get it.

When the commotion was over, Brenda and Shelly were taken to the store office and appellant and Racy left the store. The store manager continued to watch appellant and Racy and

observed them go behind a neighboring building occupied by a tune-up shop. On this information, a police officer went to the tune-up shop, where he observed appellant and Racy come from behind the building. He took them into custody and then found numerous items, which were identified as having been stolen from the department store, on the ground behind the tune-up shop. The officer returned to the department store and asked each of the four suspects if he or she had any knowledge of the white jeep. Appellant, as well as the others, denied any such knowledge. Appellant later handed the keys to the vehicle to the officer but denied knowing who had been driving it. Several articles, which were identified as having been stolen from the department store, were found in the vehicle.

██ Appellant first contends that the evidence was insufficient to support her conviction for theft of property, arguing that the State failed to prove that she acted as a principle or as an accomplice to the theft. We disagree. On review of criminal convictions by a court sitting without a jury, this court views the evidence and all permissible inferences to be drawn from it in the light most favorable to the State. The trial court's determination will be affirmed if it is supported by substantial evidence. *Harris v. State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Booth v. State*, 26 Ark. App. 115, 761 S.W.2d 607 (1989). The fact that evidence is circumstantial does not render it insubstantial. *Sweat v. State*, 25 Ark. App. 60, 752 S.W.2d 49 (1988).

██ An accomplice is one who, with the purpose of promoting or facilitating an offense, solicits, advises, encourages, or coerces another to commit an offense, or aids, agrees to aid, or attempts to aid another in the planning or commission of an offense. Ark. Code Ann. § 5-2-403 (1987). The presence of the accused in the proximity of a crime, opportunity, and association with persons involved in a crime in a manner suggestive of joint participation are relevant factors in determining the connection of an accomplice with the crime. *Hooks v. State*, 303 Ark. 236, 795 S.W.2d 56 (1990); *Redman v. State*, 265 Ark. 774, 580 S.W.2d 945 (1979); *Ashley v. State*, 22 Ark. App. 73, 732 S.W.2d 872 (1987). A participant cannot disclaim responsibility

because he did not personally take part in every act that went to make up the crime as a whole. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1976); *Booker* v. *State*, 32 Ark. App. 94, 96 S.W.2d 854 (1990). Purpose or intent is a state of mind that is not ordinarily capable of proof by direct evidence but may be inferred from the circumstances. *Heard* v. *State*, 284 Ark. 457, 683 S.W.2d 232 (1985).

Here, there was direct evidence that appellant arrived at the store with Brenda Alford, Shelly North, and Ben Racy; that Brenda and Shelly acted in concert in stealing merchandise; and that appellant reached for the purse containing the merchandise as all four suspects were attempting to leave the store. It was undisputed that the vehicle in which they had arrived at the scene contained other merchandise stolen from the store and that appellant had keys to that vehicle. There was also evidence that, when appellant and Racy left the store, they did not return to the jeep but were apprehended at a business across the street, in close to proximity to other goods established as having been stolen from the department store.

From our review of the record, especially those factors listed above, we cannot conclude that the trial court's finding that appellant was guilty of theft of property is not supported by substantial evidence.

Appellant also contends that the trial court erred in revoking her suspended sentence. We disagree. On the issue of the revocation, the standard of review is slightly different. In such cases, the trial court must find by a preponderance of the evidence that the defendant has failed to comply with the conditions of his suspension before it may be revoked. On appeal, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Brewer* v. *State*, 274 Ark. 38, 672 S.W.2d 698 (1981); *Jones* v. *State*, 31 Ark. App. 23, 786 S.W.2d 851 (1990). In light of the evidence outlined above, we cannot conclude that the trial court erred in revoking appellant's suspended sentence.

Affirmed.

Jennings and Cooper, JJ., agree.