C. B. RITCHEY, et ux *v.* Nora MURRAY

81-165                                    625 S.W. 2d 476

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Jay W. Dickey, Jr.,* for appellants.

*Laser, Sharp & Huckabay,* for appellee.

DARRELL HICKMAN, Justice. Habit is defined as "an acquired or developed mode of behavior or function that has become nearly or completely involuntary." Webster's Third New International Dictionary (1967). The issue in this case is whether the evidence of behavior offered and rejected by the trial court amounted to habit. We cannot say the trial court was clearly wrong in rejecting the proffered evidence and affirm the judgment.

The case arose over an automobile accident that occurred April 13, 1979, about 7:45 a.m. on Highway 15, approximately 3.8 miles south of Pine Bluff. The appellant testified that he thought the driver of an approaching vehicle, who had veered into appellant's lane, was going to cross to the appellant's shoulder. So the appellant swerved into the lefthand lane to avoid an accident. Instead, the other vehicle crossed back into the lefthand lane and the vehicles collided. The driver of the other vehicle, Coy Murray, was killed.

Before trial the appellee , Coy Murray's widow, filed a motion in limine to prohibit the introduction of testimony that Murray regularly weaved back and forth over the centerline. The appellants argued that Murray delivered newspapers in his vehicle, and, as he was throwing papers, he sometimes crossed the centerline. There was also testimony that Murray was a tobacco chewer whose left arm was cut off below the elbow, and as he sought a chew while driving, his vehicle would weave across the centerline because he needed two hands for such a maneuver, but had only the use of one.

The parties stipulated as to what the proffered testimony would be and only one part approaches what could be considered evidence of a habit. That is:

> [V]arious times that they [the witnesses] would either be meeting Coy Murray or following him when he would for unknown reasons — sometimes to throw papers but sometimes unknown reasons — could cross the center line and then weave back into his own lane of traffic . . . [M]any times . . . he [Murray] would appear like he was intoxicated sometimes — he would weave back and forth. But all the witnesses . . . would say that he would come across the center line and then usually jerk back as if he was distracted or looking away from the way that he was going.

The appellants sought to have this testimony admitted under Ark. Stat. Ann. § 28-1001, Rule 406 (Rep. 1977). That rule reads:

Rule 406. Habit — Routine Practice. — (a) Admissibility. Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eye-witnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

(b) Method of Proof. Habit or routine practice may be proved by testimony in the form of an opinion or by specific instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine.

Our rule permitting evidence of a relevant habit is in accordance with leading authorities. McCORMICK ON EVIDENCE § 195 (2d ed.); I WIGMORE ON EVIDENCE § 97 (3rd ed.). But the question is always what behavior constitutes habit? McCormick defines it as a person's ". . . regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic." McCORMICK ON EVIDENCE, *supra.*

The proffer of testimony in this case did not show that at the time of the accident the decedent was delivering papers, or that he was attempting to obtain a chew of tobacco. There is nothing in the proffer to show that he was on a route where he delivered papers. The trial judge in his discretion found the evidence to be inadmissible. To reverse that decision we would have to find the decision clearly erroneous. Based on the proffer made we cannot say that.

Affirmed.