Karleene ROWDEAN & Huey P. ROWDEAN *v.*
STATE of Arkansas

CR 83-33                                        655 S.W.2d 413

Supreme Court of Arkansas
Opinion delivered July 11, 1983

*Edwin A. Keaton,* for appellants.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Karleene Rowdean was convicted of first degree murder and sentenced to 35 years imprisonment for shooting Billy Pat Mullens outside a nightclub near Camden, Arkansas, in the early morning hours of June 13, 1982. Her husband, Huey Rowdean, in a joint trial, was convicted of hindering, harboring, and concealing her in violation of Ark. Stat. Ann. § 41-2805 (Repl. 1977) and sentenced to one year imprisonment.

We reverse her conviction because the trial court received evidence of two prior acts of misconduct which were not relevant to the murder charge.

The first instance concerned an incident earlier the same evening at Graham's Drive-In near Camden. While her husband was shooting dice in the rear of the establishment, Karleene Rowdean was observed by the owner of Graham's Drive-In, pulling a gun on another female patron of the establishment.

This incident, totally unrelated to the charge in question, was clearly inadmissible. in *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1980), we explained why other wrongs were not admissible to prove a separate charge. That

principle is embodied in Ark. Stat. Ann. § 28-1001, Rule 404 (b), which reads:

> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The evidence of the incident at Graham's was not relevant to the motive, opportunity, intent, preparation or plan of the murder charge in question. It is an instance of the State using a separate prior act to prove another charge and, consequently, it was highly prejudicial. Nor was the Graham's Drive-In incident a part of an ongoing, uninterrupted course of conduct. *Cf. Hobbs* v. *State,* 277 Ark. 271, 641 S.W.2d 9 (1982) and *Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981).

The other incident occurred a month or so before the killing of Mullens at another nightclub near Camden, The Godfather. Karleene Rowdean was asked by the State on cross-examination if she ever carried a knife and she said no. The State then called Clifton Earl Brown to testify that she had pulled a knife on him at The Godfather. The court refused to allow the evidence for impeachment purposes, and was correct in that regard. *See Rhodes* v. *State,* 276 Ark. 203, 634 S.W.2d 107 (1982). But the court permitted the evidence as probative of who the aggressor was in Mullens' death. That, of course, is evidence of a character trait. Karleene Rowdean had not placed her general character in evidence. Nor had she offered any evidence of her character for peacefulness, or the victim's for violence. *See Halfacre* v. *State,* 277 Ark. 168, 639 S.W.2d 734 (1982). If the State could offer the evidence as it did, then, in effect, it could offer such evidence in its case in chief. The only possible justification for such a proposition is a statement in Weinstein that reads:

> Evidence of specific acts is permissible to prove character pursuant to Rule 405 (b) in cases in which the

character of a person is an essential element of a charge, claim or defense. 2 WEINSTEIN'S EVIDENCE par. 405 [4] (1982).

While Karleene Rowdean did plead self-defense, or justification, we do not find that permits the State to offer evidence of specific instances of prior misconduct to show she may have been the aggressor. It was error to do so because her character is not an essential element of her claim of self-defense. (AMCI 4105 was given to the jury: Justification — Use of deadly physical force in defense of a person.)

There are other issues raised which should not arise on retrial. The State did not notify the defense it intended to call Clifton Earl Brown, and, undoubtedly, it made plans to do so. This was also error according to *Williams* v. *State*, 267 Ark. 527, 593 S.W.2d 8 (1980), and that error will not arise on retrial.

It is argued that the deceased had a "habit" of carrying a knife and an instruction was requested to that effect. The trial court apparently found the evidence short of establishing a "habit" and we cannot say he abused his discretion. *See Ritchey* v. *Murray*, 274 Ark. 388, 625 S.W.2d 476 (1981).

No argument at all is made that any error was committed as to Huey Rowdean's conviction; therefore, his conviction is affirmed.

Affirmed as to Huey P. Rowdean.

Reversed and remanded as to Karleene Rowdean.