Dennis Wayne JOHNSON *v.* STATE of Arkansas

CR 94-257                                   886 S.W.2d 584

Supreme Court of Arkansas
Opinion delivered October 31, 1994

*George J. Stone*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of sexual abuse in the first degree for the molestation of his seven-year-old niece. At trial he sought to show that the victim's stepfather had stated that he had friends who engaged in wife-swapping; that his wife, who is the mother of the victim, was sexually abused by her father, who is the grandfather of the victim; and that the victim gave his son a backrub while his son was wearing only underclothing. He contended below, and now on appeal, that he was entitled to make such proof under our holding in *West* v. *State*, 290 Ark. 329, 719 S.W.2d 684 (1986).

In *West* we held that a person on trial for rape or other sexual offense may show that the alleged victim made similar accusations that she later admitted to be false or that proved to be false. *Id.* at 334, 719 S.W.2d at 687. The reason is that the proof would tend to show a "morbid condition of mind or body and go a long way in explaining this charge." *Id.* at 332, 719 S.W.2d at 687 (quoting *People* v. *Evans*, 40 N.W. 473 (Mich. 1888)). The trial court correctly refused to allow the evidence showing that the victim's stepfather made accusations that others had committed sexual offenses.

Appellant's proffer did not include any showing that the stepfather induced the victim to testify against appellant. The proffer of the stepfather's alleged statements did not have any tendency to make the existence of any fact of consequence in this case more or less likely. *See* A.R.E. Rule 401. It was not relevant to the condition of mind of the victim and was not admissible under the holding of *West*.

Appellant next argues that the trial court erred in not admonishing the jury to disregard the answer to a leading question. This argument is also without merit. The abstract does not show an objection to the competency of the seven-year-old victim. Thus, she was competent to testify. *See* A.R.E. Rule 601. A prosecutor may use leading questions in cases involving young children who are competent to testify, subject to the trial court's sound discretion. *Clark* v. *State*, 315 Ark. 602, 870 S.W.2d 372 (1994). Here, the prosecutor asked a series of leading questions, and appellant did not object. On the last of the series of questions appellant objected. The trial court sustained the objection. The appellant asked nothing more. The prosecutor then rephrased

the question, and the victim answered it. Appellant now asks us to reverse the trial court for not admonishing the jury to disregard the answer to the question on which the objection was sustained. Appellant did not ask the trial court to so admonish the jury. An appellant is not allowed to raise an argument for the first time on appeal. *Smith* v. *Leonard*, 317 Ark. 182, 876 S.W.2d 266 (1994). Appellant is attempting to raise the issue of the need for an admonishment for the first time on appeal. Further, appellant has not cited any cases to us, and we know of none, that require a trial court on its own motion to admonish the jury to disregard the answer to a question after an objection is sustained. Where an appellant neither cites authority, nor makes a convincing argument, and where it is not apparent without further research that the point is well taken, we will affirm. *Mikel* v. *Hubbard*, 317 Ark. 125, 876 S.W.2d 558 (1994).

Affirmed.