Emanuel HART *v.* STATE of Arkansas

CA CR 98-608 987 S.W.2d 759

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered March 24, 1999

*Montgomery, Adams & Wyatt, PLLC,* by: *Dale E. Adams,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant Emanuel Hart was con-victed by a jury of first-degree murder and two counts of committing a terroristic act. He was thereafter sentenced to thirty-five years in the Arkansas Department of Correction. On appeal, appellant contends that the trial court erred in allowing the State to present testimony that he allegedly shot at a vehicle other than the one involved in this case. We affirm.

The evidence presented at trial showed that on February 18, 1996, the appellant, Johnny Stephenson, Derrick Stewart, and Kenneth McArthur were out together at a local nightclub in North Little Rock. While at the club, Stephenson purportedly got into an argument with James Nichols, who was accompanied by Donian Jarrett and Shedric Sabb. Shortly thereafter, both of these groups departed in their vehicles and entered onto Interstate 30. Stephenson testified that when appellant noticed the red Hyundai driven by Nichols, appellant hollered, "There they go [*sic*]" and fired three shots. This testimony was corroborated by Derrick Stewart, who testified that as the red Hyundai began to exit the interstate, the appellant rolled down his window and fired four or five shots at the car. James Nichols testified that as he and his friends exited the interstate, no other vehicles were behind them except a gold Mitsubishi Gallant. Nichols further testified

that although he did not hear gun shots at the time of the shooting, he did realize that Shedric Sabb had been shot while sitting in the back seat. Sabb was later pronounced dead from a gunshot wound.

In a police statement given on February 20, 1996, appellant admitted that he was riding in a gold Mitsubishi Gallant on the morning of February 18, 1996, and that he had fired two shots at a red car that was exiting the interstate because "they [the occupants of the red car] had pissed me off by circling around us, playing with us." Appellant testified that he used a black automatic .380 caliber pistol in self-defense. Ronald Andrejack, a firearm and toolmark examiner with the Arkansas State Crime Laboratory, testified that the three casings found near the scene of the accident were consistent with having been fired from a .9mm Glock semiautomatic handgun, which included bullet components of the .380 caliber class.

Appellant's sole point on appeal is that the trial court erred in allowing Derrick Stewart to testify that he had shot at a Cadillac in the parking lot of the nightclub shortly before the shooting involved in this case. The State offered this testimony as admissible evidence under Ark. R. Evid. 404(b), which the trial court accepted and which appellant now seeks as reversible error.

The admission or rejection of evidence under Ark. R. Evid. 404(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Brown v. State*, 63 Ark. App. 38, 972 S.W.2d 956 (1998). Arkansas Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." If the introduction of testimony of other crimes, wrongs, or acts is independently relevant to the main issue, *i.e.*, relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal, then evidence of that conduct may be admissible with a cautionary instruction by the court. *Regalado v.*

*State*, 331 Ark. 326, 961 S.W.2d 739 (1998). Thus, if the evidence of another crime, wrong, or act is relevant to show that the offense of which the appellant is accused actually occurred and is not introduced merely to prove bad character, it will not be excluded. *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994). However, such relevant evidence may be excluded under Ark. R. Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.*

■ ■ Here, we first note that appellant failed to ask for a cautionary instruction that the purpose of Derrick Stewart's testimony was not to show that he had a criminal propensity for shooting weapons at moving cars. Regardless of the fact the appellant did not ask for a limiting instruction, we conclude that Stewart's testimony was relevant in showing that appellant fired shots at the victims with an absence of mistake or accident. Appellant acknowledged in his police statement that he had ready access to his weapon and that he had shot at the victims' car because he was angry at the victims shortly before the incident. There was also testimony that the casings found near the crime scene were consistent with the gun that appellant was found to have possessed and that after the shooting, appellant wanted to disassemble the gold Mitsubishi. Further, Stewart's testimony was part of the *res gestae* of the case by providing corroborating evidence that appellant had possession of a gun before the present shooting, even though appellant had testified that Kenneth McArthur was the actual person in possession of the weapon. We have previously stated that all of the circumstances of a particular crime are part of the *res gestae* of the crime, and all of the circumstances connected with a particular crime may be shown to put the jury in possession of the entire transaction. *Hunter v. State*, 62 Ark. App. 275, 970 S.W.2d 323 (1998).

■ The underlying facts in this case show that appellant admitted to shooting at the victims out of anger, in spite of testimony that the victims did nothing to provoke him. Stephenson testified that when appellant observed the victims' car, he shot at the car a multiple number of times. Stewart testified that he first noticed that appellant had a weapon when appellant shot at and ran behind a Cadillac in the parking lot of the Cameo club, and

that shortly after leaving the club and exiting onto the interstate, appellant began shooting after a red Hyundai stating, "I'm tired of them [*sic*] young punks." There was also evidence from one of the victims that the gold Gallant, in which appellant was a passenger, was at the nightclub earlier that evening and was the only car on the interstate at the time Shedric Sabb was fatally shot. In appellant's own testimony, he stated that "on page 10 of my [police] statement, I said that what really made me shoot is that it pissed me off by their circling around and playing with us. I was referring then to the white Bronco and the Cadillac." Coincidentally, appellant was referring to the victims' car when he stated to police, "well what really made me shoot is when they was blocking, you know. They should have went on — 'cause I didn't know what they was gone do. They had pissed me off by kept [*sic*] circling around us, playing with us." Further, there was evidence that appellant suggested stripping down the gold Gallant after he learned that one of the victims had died. When the evidence of guilt is overwhelming and the error is slight, the appellate court can declare the error harmless and affirm. *Brown, supra.*

 Although the dissent feels that *Rowdean v. State*, 280 Ark. 146, 655 S.W.2d 413 (1983), and *Lincoln v. State*, 12 Ark. App. 46, 670 S.W.2d 819 (1984), are controlling, we note that this case is distinguishable. In both *Rowdean* and *Lincoln*, evidence was presented that the appellant had either pulled a gun or waved a gun around another person shortly before the shootings that occurred in their present convictions. However, in this case, there was evidence that appellant had actually shot at a Cadillac in the parking lot of the Cameo club and within a short period of time, shot at the victims involved in the present case. In addition, appellant admitted that he was angry at the occupants of the Cadillac when he shot at them. Although appellant shot at two different vehicles, his conduct in the first incident was relevant in showing an absence of mistake or accident for the same type of conduct in the present incident. Therefore, under these circumstances, we cannot say that appellant was unfairly prejudiced by the testimony of Derrick Stewart.

Affirmed.

ROBBINS, C.J., BIRD and MEADS, JJ., agree.

PITTMAN and HART, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. The appellant shot at a Cadillac in the parking lot of a nightclub. Subsequently, he shot at a Hyundai in which the victims were riding while both the vehicle in which the appellant was riding and the Hyundai were traveling down the interstate. The majority concludes that testimony that the appellant shot at the Cadillac was relevant to establish that he fired at the Hyundai with an absence of mistake or accident and that it was part of the *res gestae* by corroborating evidence that the appellant had possession of a gun. The majority also concludes that the evidence of guilt was so overwhelming that any error committed was harmless. Further, the majority bolsters its decision to affirm by relying on the appellant's failure to request a limiting instruction that would preclude the jury from using the testimony to conclude that the appellant had a criminal propensity for shooting at cars.

Pursuant to Rule 404(b) of the Arkansas Rules of Evidence, while evidence of other crimes is not admissible to establish a person's character, it is nonetheless admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 403 of the Arkansas Rules of Evidence provides that even relevant evidence may be excluded if its probative value is outweighed by its prejudicial effect.

According to the abstract, Derrick Stewart was permitted to testify that he saw the appellant shooting and running behind a Cadillac in the parking lot of a nightclub. To Stewart's knowledge, the appellant did not hit the Cadillac or anything else. The appellant also testified at trial. He admitted to shooting at a Cadillac and a Bronco from his car while the vehicles were traveling down the interstate.

The majority holds that Stewart's testimony that the appellant shot at the Cadillac in the parking lot was admissible to show the appellant's lack of mistake or accident when he fired at the Hyundai. However, Stewart's testimony did not reveal the appel-

lant's intent when he fired at the Cadillac in the parking lot. Thus, Stewart's testimony is not helpful in establishing a lack of mistake or accident when he fired at the Hyundai in which the victims were riding. Instead, the testimony provided the exact proof that 404(b) prohibits, that the appellant had a propensity to shoot at cars.

The majority concludes that Stewart's testimony was admissible as *res gestae* evidence. Whether or not the appellant possessed a gun at the time of the shooting was established by the appellant's own testimony; it was unnecessary to rely on Stewart's testimony to establish that the appellant possessed a gun prior to that. If this was the reason Stewart's testimony was admitted, then its probative value was clearly outweighed by its prejudicial effect. Moreover, to permit admission of testimony regarding events surrounding the crime simply because the events occurred undercuts the limitations imposed on such evidence by Rules 403 and 404(b). *See Hunter v. State*, 62 Ark. App. 275, 970 S.W.2d 323 (1998)(evidence of *res gestae* is proper provided it can be established by competent means, sanctioned by law, and afford any fair presumption or inference as to the question in dispute).

The facts of this case bear a striking resemblance to those in *Rowdean v. State*, 280 Ark. 146, 655 S.W.2d 413 (1983), and in *Lincoln v. State*, 12 Ark. App. 46, 670 S.W.2d 819 (1984). In *Rowdean*, the appellant, Rowdean, was convicted of first-degree murder. He committed the murder by shooting the victim while they were outside of a nightclub. The Arkansas Supreme Court held that evidence that Rowdean had earlier that night pulled a gun on another person at a drive-in was not admissible under Rule 404(b). In *Lincoln*, the appellant, Lincoln, was convicted of attempted first-degree murder. This court concluded that evidence that earlier on the night Lincoln committed the crime, he waved a pistol around during an argument he had with another person, was not admissible under Rule 404(b). This court should reach the same conclusion regarding the similar testimony presented here. The majority concludes that these cases are distinguishable in part because the appellant admitted that he was angry at the occupants of the Cadillac when he shot at them on the parking lot. The appellant, however, admitted to shooting at a

Cadillac while it was on the interstate. He never testified that he shot at a Cadillac in the nightclub's parking lot.

The majority further concludes that a limiting instruction could have cured any prejudice. The instruction, presumably, would have instructed the jury to consider the fact that the appellant was shooting at other cars on the night in question for the limited purpose of proving such things as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. None of these purposes, however, are applicable, and if none are applicable, then the testimony should not have been introduced.

Finally, the majority concludes that the evidence was overwhelming, and consequently, any error committed was harmless. When the evidence of guilt is overwhelming and the error is slight, this court can declare the error harmless and affirm. *See Brown v. State*, 63 Ark. App. 38, 43, 972 S.W.2d 956, 959 (1998). Appellant was found guilty of first-degree murder, that with the purpose of causing the death of another person, he caused the death of the victim. The jury was also instructed on the lesser-included offense of second-degree murder, that the appellant knowingly caused the death of the victim under circumstances manifesting extreme indifference to the value of human life. Stewart's testimony that the appellant shot at the Cadillac may have prejudiced the jury's deliberations such that they found him guilty of first-degree rather than second-degree murder. Stewart's testimony was not evidence of the appellant's purpose to cause the death of another person when he shot at the Hyundai because his testimony did not establish the appellant's purpose to do so when he shot at the Cadillac. Moreover, the appellant was sentenced to thirty years' imprisonment. This also indicates that he suffered prejudice. *See Mask v. State*, 314 Ark. 25, 869 S.W.2d 1 (1993).

I would reverse and remand.

PITTMAN, J., joins in this dissent.