Jose Armando FLORES, Jr., Alejandro Hinojosa, and Kervin D. Robertson *v.* STATE of Arkansas

CA CR 03-1221                                          194 S.W.3d 207

Court of Appeals of Arkansas
Division III
Opinion delivered September 15, 2004

328

*Stuart Vess*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellants Jose Flores, Alejandro Hinojosa, and Kervin Robertson entered conditional pleas of nolo contendere to possession of marijuana and were each sentenced to ten years' imprisonment. On appeal, appellants argue that the trial court erred in failing to grant their motions to suppress the evidence obtained during an illegal search of sealed containers in their vehicle, which they allege was stopped without probable cause. We affirm.

At the suppression hearing, Trooper Richard Eads with the Arkansas State Police testified that on March 14, 2003, at approximately 2:18 p.m., he made a traffic stop of a vehicle that he had observed speeding on Highway 67 in White County. Eads stated that the vehicle was going seventy-four miles per hour in a seventy-mile-per-hour zone. Flores was driving, Hinojosa was the front seat passenger, and Robertson, the owner of the vehicle, sat in the rear seat. Eads testified that he asked Flores to bring his license and the vehicle registration and accompany him to his police car. While in the process of issuing Flores a warning ticket for speeding, Eads became suspicious based on appellants' answers to questions asked during the traffic stop. For example, Flores stated that he and Hinojosa were from Houston, Texas, and were on their way to a one-day refrigeration seminar in St. Louis, while Robertson, who had Missouri tags on the vehicle, stated that he was on his way to visit family in Missouri. Eads testified that he

found it unlikely that Flores and Hinojosa would travel that distance to attend a one-day seminar in St. Louis, that they would be wearing their uniforms during the journey, and that they would not know where they were staying in St. Louis. Eads testified that he asked Robertson for consent to search the vehicle and that Robertson gave his permission. According to Eads, he knew that Robertson was the owner of the vehicle because Flores and Robertson had told him that and because the vehicle was registered to Robertson. A police videotape of the traffic stop and the search was also entered into evidence.

During the search, Eads found two large freon bottles in a partially sealed box in the rear of the vehicle. He shook the bottles, and instead of the liquid he expected, the bottles appeared to be empty. Eads wondered why appellants would be attending a refrigeration seminar with empty freon bottles. He opened the seal on one of the bottles and smelled a strong odor of marijuana. On closer examination, Eads found that the bottles had been cut in half and resealed with a sealant. A large quantity of marijuana was found inside the bottles, and appellants were arrested and charged with possession of marijuana.

Motions to suppress were filed by appellants, arguing that there was no probable cause to stop the vehicle and that the search of the vehicle was illegal. After hearing all of the testimony, the trial court denied the motions by letter opinion filed on September 10, 2003. The court found that the traffic stop was pretextual, in that it was not made because the vehicle was speeding but rather because of the race of the occupants and because the vehicle had out-of-state tags. However, relying on *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003), the trial court found that the fact that the stop was pretextual did not necessarily invalidate the subsequent search as long as the search itself conformed to the requirements of state and federal law. The court further found that Robertson's consent to the search of the vehicle was voluntary and that the State met its burden of proof on that issue. The court stated that it was not relying on the audio portion of the videotape to show consent because it was of such poor quality, but stated that nothing on the videotape indicated that Robertson was under threat, duress, or coercion in giving his consent to the search. Finally, relying on *Florida v. Jimeno*, 500 U.S. 248 (1991), the trial court found that it was reasonable for Trooper Eads to conclude that the permission granted by Robertson included a search of any

container found inside the vehicle and that the scope of the search did not exceed reasonable bounds.

Subsequent to the denial of their motions to suppress, appellants entered conditional pleas of guilty to the charge of possession of marijuana, reserving their right to appeal the suppression issue under Ark. R. Crim. P. 24.3(b). Appellants were each sentenced to ten years' imprisonment.

■ Appellants argue on appeal that the trial court erred in failing to grant their motions to suppress the evidence obtained during an illegal search of sealed containers in a vehicle stopped without probable cause. In reviewing the denial of a motion to suppress, appellate courts conduct a *de novo* review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). We also defer to the superior position of the trial judge to decide the credibility of witnesses and to resolve evidentiary conflicts. *Id.*

■■ Appellants first contend that the trial court erred by holding, consistent with *State v. Harmon, supra*, that a pretextual traffic stop of their vehicle did not require suppression of the evidence. In *Harmon*, the supreme court held that, unlike pretextual arrests, our state constitution does not support invalidation of a search because a valid traffic stop was made by a police officer who suspected other criminal activity. *Id.* Appellants claim that the ruling in *Harmon* was incorrect and that the issue should be revisited. However, this court lacks the authority to overrule decisions of the Arkansas Supreme Court. *Brown v. State*, 63 Ark. App. 38, 972 S.W.2d 956 (1998). The trial court was correct in this case in relying on *Harmon* and in finding that the fact that the stop of appellants' vehicle may have been pretextual did not invalidate the subsequent consensual search of the vehicle.

■ Appellants also argue that there should be an exception to *Harmon* where it is clear that the traffic stop was racially motivated. As appellants recognize, this type of argument has previously been addressed in *Whren v. United States*, 517 U.S. 806 (1996), where the Court indicated that racially-motivated stops and arrests are an Equal Protection issue rather than a Fourth Amendment issue. Appellants nevertheless contend that the only

procedure available to deter these types of actions is through the exclusion of evidence seized during the racially-motivated stop or arrest and that this court should hold that all evidence seized under these circumstances should be excluded under our state constitution. However, as stated earlier, this court does not have the authority to overrule the supreme court's decision in *Harmon* holding that a pretextual stop, which is otherwise valid, is not a violation of our state or federal law.

■ Appellants next argue that there was no probable cause for the stop of their vehicle. Citing Ark. R. Crim. P. 3.1, appellants contend that an officer may only stop and detain a person when he reasonably suspects that the person is committing, has committed, or is about to commit a felony or a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. A traffic stop, however, can be distinguished from a Rule 3.1 detention. A police officer may stop and detain a motorist where the officer has probable cause to believe that a traffic violation has occurred. *Laime v. State*, 347 Ark. 142, 60 S.W.3d 464 (2001); *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998). Probable cause for a traffic stop exists when facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Laime, supra*; *Travis, supra*. Once the officer has made a valid traffic stop, he may detain the offending motorist while he completes a number of routine tasks related to the traffic violation, including computerized checks of the vehicle's registration and the driver's license and criminal history, as well as the writing up of a citation or warning. *Laime, supra*. This detention is unrelated to a Rule 3.1 detention. *Id.*

■ Here, Trooper Eads testified that appellants' vehicle was traveling seventy-four miles per hour in a seventy-mile-per-hour zone and that he stopped the vehicle for speeding. Because the trial court found that the traffic stop was pretextual and that the officer did not stop the vehicle because it was speeding, appellants assert that the officer did not have probable cause for the stop. However, as the State argues, a finding that the stop was pretextual does not equate to a finding that there was no probable cause for

the stop, as these are two different concepts. The trial court did not find that the vehicle was not speeding, but rather stated that the reason for the stop was not based on the speeding violation. Under Ark. Code Ann. § 27-51-201(c) (Repl. 1994), it is a violation of the law to drive a vehicle on a highway in excess of the speed limit. Because Eads had probable cause to believe that appellants were traveling in excess of the posted speed limit, the traffic stop was valid.

■ Appellants next challenge the validity of Robertson's consent to a search of the vehicle. They first contend that Robertson's consent was invalid because it was not reasonable for Trooper Eads to believe that Robertson had the authority to consent to the search, especially given that Flores was the driver. Citing *Illinois v. Rodriguez*, 497 U.S. 177 (1990), appellants argue that there must be facts available to the officer that would warrant a person of reasonable caution to believe that Robertson had authority to consent to the search. Contrary to appellants' argument, such evidence was present in this case, as Eads testified that Flores told him that Robertson owned the vehicle, that Robertson told him that he was the owner, and also that the vehicle was registered to Robertson. According to Ark. R. Crim. P. 11.2, the consent to a search of a vehicle must be obtained by the person registered as its owner or by the person in apparent control of its operation and contents at the time consent is given. Here, Eads obtained consent from the person registered as the vehicle's owner, Robertson, in compliance with Rule 11.2.

■■ Appellants also argue that Robertson's consent did not extend to the freon tanks contained in the vehicle. However, where there are no limits placed on the search, the consent to search includes any containers found inside the vehicle. *Florida v. Jimeno, supra; Miller v. State*, 342 Ark. 213, 27 S.W.3d 427 (2000). The standard for measuring the scope of a suspect's consent to search is that of objective reasonableness, or what the typical reasonable person would have understood by the exchange between the officer and the suspect. *Jimeno, supra*. If the police wish to search closed containers within a vehicle, they do not need to separately request permission to search each container, although the suspect is free to limit the scope of the search. *Id.* Here, Robertson placed no limitation on the scope of the search, and Eads testified that appellants were standing by and watching as he

searched the freon tanks, but did not object or attempt to stop him. Thus, it was reasonable for Eads to assume that the permission granted by Robertson included a search of any container found inside the vehicle, and the trial court did not err in denying the motions to suppress on this basis. The trial court's ruling denying appellants' motions to suppress was not clearly erroneous, and we affirm.

Affirmed.

BIRD and CRABTREE, JJ., agree.