2010 Ark. 278

**Melvin LOCKHART III, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 09–1120.

Supreme Court of Arkansas.

June 3, 2010.

Henry Law Firm, by: Adam L. Hopkins, Fayetteville, for appellant.

Dustin McDaniel, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

RONALD L. SHEFFIELD, Justice.

Appellant Melvin Lockhart III was convicted by a Pulaski County jury of capital murder in the death of David Edward Jones. He was also convicted of theft of property. He was sentenced to life imprisonment in the Arkansas Department of Correction for the capital-murder conviction and sentenced to fifteen years for the theft-of-property conviction, with an enhancement of an additional fifteen years for the use of a firearm. These sentences were to be served consecutively. Lockhart now appeals, alleging two points of error: 1) the circuit court erred in refusing to grant his motion for a directed verdict; and 2) the circuit court erred in admitting evidence of prior bad acts over his objections, pursuant to Arkansas Rules of Evidence 404(b) and 403. Because Lockhart was sentenced to a term of life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2010). We find no error and affirm.

On November 27, 2007, David Edward Jones was found slain in an industrial area of Little Rock with five gunshot wounds. There were no witnesses to the murder. Police investigators recovered .45 caliber shell casings at the scene where Jones was killed. Privately-owned surveillance cameras near the area captured images of a vehicle similar to the victim's gold-colored 2000 Mercury Grand Marquis driving away from the crime scene. One image from a surveillance camera showed the victim's vehicle driving by at approximately 9:08 p.m. An image from the surveillance camera of another business in the same area showed the victim's vehicle driving past its location at 9:17 p.m.

At Lockhart's trial, Benjamin Blunt and Leon Newton testified that, on the night of the Jones murder, Lockhart entered the auto body shop where they worked and held them at gunpoint attempting to rob them. Blunt described the gun as a .40 or .45 caliber pistol. The witnesses were able to get away from Lockhart. A 911 dispatcher received a call at 9:10 p.m. reporting the incident. The witnesses described the car in which Lockhart drove away as a gold Grand Marquis or a tan Crown Victoria. Newton testified that he saw two other passengers in the vehicle. They later identified the vehicle they saw as the one belonging to Jones.

Five days prior to Jones's murder, Ray Hart was robbed and murdered in his home, suffering a single gunshot wound to his head. Lockhart was placed at the scene of Hart's murder by three witnesses, one of whom participated in the robbery of

Hart. The shell casing found at that crime scene matched the shell casings found at the Jones crime scene. The ⌊₃Arkansas State Crime Lab determined that the same .45 caliber pistol was used as the murder weapon in both crimes.

Lockhart was arrested and tried for the murder of David Jones and the theft of Jones's car. At a pretrial hearing, the State sought to introduce the evidence of the murder of Hart under a Rule 404(b) exception, as a prior bad act, to prove identity. Lockhart objected to the admission of this evidence, but the trial court overruled his objection and admitted the evidence. The jury convicted Lockhart of both the murder of Jones and the theft of property. He now appeals from his convictions.

For his first point on appeal, Lockhart contends that there was insufficient evidence to convict him of the murder of Jones or the theft of Jones's car because the State failed to prove that he was the person who murdered Jones, and that the trial court should have granted his motion for a directed verdict. Specifically, Lockhart maintains that the introduction of Hart's murder into evidence only showed that he had access to a gun five days prior to the night of Jones's murder, but there were no witnesses who saw Lockhart with the murder weapon on that night. Furthermore, he argues that the testimony of Blunt and Newton actually provided an alibi for him because, by their testimony, the attempted robbery and subsequent 911 call occurred at approximately the same time as Jones's murder. The State counters that Lockhart did not preserve his motion for directed verdict for appellate review because he did not make a clear and specific objection at trial. Furthermore, the State contends that Lockhart did not raise an alibi defense during trial and is now barred from raising it on appeal. Alternatively, ⌊₄the State argues

that there was sufficient evidence to convict Lockhart of both the murder of Jones and the theft of Jones's car.

■■■ On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Ellis v. State,* 364 Ark. 538, 222 S.W.3d 192 (2006). The test for determining the sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Id.* Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* Furthermore, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Rounsaville v. State,* 2009 Ark. 479, 346 S.W.3d 289. Circumstantial evidence may be sufficient to support the finding of guilt in a criminal case, but it must exclude every other reasonable hypothesis consistent with innocence. *Bennett v. State,* 297 Ark. 115, 759 S.W.2d 799 (1988). In addition, the credibility of witnesses is an issue for the jury and not the court. The factfinder is free to believe all or part of the witness's testimony, and to resolve questions of conflicting testimony and inconsistent evidence. Rather than reweighing the evidence presented at trial, this court determines whether there is substantial evidence to support the lower court's findings. *Freeman v. State,* 331 Ark. 130, 959 S.W.2d 400 (1998). With regard to preserving a sufficiency challenge for appellate review, this court has stated that

> [t]o preserve a sufficiency-of-the-evidence challenge on appeal, a clear and specific motion for a directed verdict must be made to the trial court.... [T]he reasoning behind this rule is "that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if

justice requires, allow the State to reopen its case and supply the missing proof."

*Elkins v. State,* 374 Ark. 399, 402, 288 S.W.3d 570, 573 (2008) (quoting *Pinell v. State,* 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005)).

Under Ark.Code Ann. § 5–10–101, a person commits capital murder if "with premeditated and deliberate purpose of causing the death of another person, the person causes the death of any person." Ark.Code Ann. § 5–10–101(a)(4) (Supp. 2009). Furthermore, a person acts purposely when it is "the person's conscious object to engage in conduct of that nature or to cause that result." Ark.Code Ann. § 5–2–202(1) (Supp.2009). With regard to property offenses, a theft of property occurs when "a person takes or exercises unauthorized control over the property of another person with the purpose of depriving the owner of property." Ark.Code Ann. § 5–36–103(a)(1) (Supp.2010).

■ In the case at hand, Lockhart argues that there was insufficient evidence to convict him of the murder of David Jones or the theft of Jones's vehicle. He maintains that because Blunt and Newton placed him at the scene of an attempted robbery at 3822 Mabelvale Pike Road at 9:10 p.m., it could not have been him driving Jones's vehicle at 9:08 in an industrial park near 23rd and Commercial Streets, the scene of Jones's murder, as captured by the surveillance cameras. With regard to a possible alibi, this issue was not raised at trial when Lockhart moved for a directed verdict and cannot now be raised for the first time on appeal. *See Johnson v. State,* 318 Ark. 425, 886 S.W.2d 584 (1994). As to Lockhart's claim that there was insufficient evidence of his identity as the murderer, the State argues that Lockhart failed to object with specificity as to why the court should have granted his motion for directed verdict. At trial, however, Lockhart stated that the State failed to meet its burden of proof in showing that he "was the one who committed Capital Murder, feloniously, with a premeditated and deliberate purpose of causing the death of another person." His motion for directed verdict was, therefore, sufficiently specific so as to preserve it for appeal.

■ The following evidence is sufficient to support his conviction. Jacob Rice, an employee of Magna IV Printing, testified that he saw a vehicle drive by his business, which was located near a Federal Express store in the same industrial park. A few moments later, he heard gunshots and then saw the same car drive quickly back past him. Surveillance video from the Federal Express store showed Jones's vehicle driving by after the shooting. Jones's vehicle was also identified by witnesses Benjamin Blunt and Leon Newton as the vehicle driven by Lockhart when he attempted to rob them. Furthermore, both witnesses testified that Lockhart was in possession of a handgun because he drew it when he entered Blunt's place of work and demanded money. The gun was identified as a .40 or .45 caliber pistol.

Also relevant are the details of the murder of Ray Hart. Lockhart, Toni Boggs, and two of Lockhart's relatives drove to Hart's trailer with the intent to rob him. Boggs and Lockhart went into the trailer and stole Hart's wallet. Boggs left the mobile home and Lockhart was left alone with Hart. The witnesses testified that Lockhart was alone with the victim when they heard a gunshot, after which he came out of the trailer, he got in the car, and they drove off. The Arkansas State Police Crime Lab confirmed that the casing found at the Hart homicide was fired from the same weapon as those found at the Jones murder. Furthermore, the State offered evidence that on the night of Jones's murder, Lockhart was in posses-

sion of a .45 caliber gun, as testified to by Blunt and Newton. By placing Lockhart at the scene of both the murder of Hart and the attempted robbery of Blunt and Newton, the State was able to link Lockhart to Jones's murder by showing that he had access to a .45 caliber gun; that a .45 caliber gun was used on the night of Jones's murder; and that the appellant had previously used the same gun in the murder of Hart. Furthermore, based on Newton's testimony that there were two other passengers in the car as it drove away, the jury could infer that, because the vehicle belonged to Jones, Jones was one of the two other passengers, and, thus, he was with Lockhart immediately prior to the murder. Therefore, based on the testimony and evidence introduced, we hold that there was sufficient evidence to convict Lockhart of the murder of David Jones and the theft of Jones's vehicle. Thus, the trial court did not err in refusing to grant Lockhart's motion for a directed verdict.

For his second point on appeal, Lockhart makes two assertions: 1) the circuit court erred in allowing the State to admit evidence of the murder of Hart under Ark. R. Evid. 404(b) and 403 because the evidence had no independent relevance, was admitted solely to show his bad character and propensity to commit murder, was cumulative, and was unfairly prejudicial; and 2) the circuit court erred in allowing the testimony of Benjamin Blunt and Leon Newton because their testimony should have been excluded under Ark. R. Evid. 404(b) and 403 as well.

We dispose of Lockhart's first assertion that the circuit court erred in admitting the evidence of Hart's murder. Lockhart claims that the State grossly overreached in presenting the evidence once it was admitted and that the circuit court should have issued a limiting instruction indicating the purpose for admitting the evidence. Lockhart also challenges the evidence on the grounds that it was not independently relevant, that its probative value was substantially outweighed by its prejudicial effect, and that such evidence was cumulative under Ark. R. Evid. 403. The State counters that Lockhart failed to request a limiting instruction to the jury informing them of the State's use of the evidence of the Hart murder at trial as cumulative or overreaching and cannot now claim error. Lockhart's argument that "the trial court abused its discretion when it admitted [the evidence] without either a cautionary instruction or any effort to keep the State within proper limits" was not preserved for appeal as he did not request this relief at trial. *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994). Furthermore, even if the State had "grossly overreached" in its use of the evidence of Hart's murder, as Lockhart claims, Lockhart did not object to the State's actions as being outside the limited purpose for which the evidence was admitted—to prove identity. Therefore, this argument is not preserved for appeal. *See Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001).

With respect to Lockhart's argument that the court erred in admitting evidence of Hart's murder under Ark. R. Evid. 404(b) and 403 because it was not independently relevant and its probative value was substantially outweighed by its prejudicial effect, we have previously stated that the admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, which this court will not disturb on appeal absent a showing of manifest abuse. *Smith v. State*, 2010 Ark. 75, 364 S.W.3d 443. Arkansas Rule 404(b) states that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that

he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2009). Furthermore, we have previously stated in *Smith* that [e]vidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. *Kelley* [*v. State*, 2009 Ark. 389, 327 S.W.3d 373], *supra*. In other words, the prior bad act must be independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *Id.* Evidence may be independently relevant if it shows motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *See Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997).... In addition, we have held that evidence may be relevant in connection with other facts to form a link in the chain of evidence necessary to support a party's contention. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). Furthermore, testimony can be relevant if it provides the necessary context for other evidence.

*Smith*, 2010 Ark. 75, at 5, 364 S.W.3d at 446. Pursuant to Ark. R. Evid. 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2009). Thus, a trial court may refuse to admit evidence that is unfairly prejudicial to the defendant, even if it might be relevant.

In the case at hand, Lockhart claims that the testimony regarding the Hart murder was not independently relevant and that its probative value was substantially outweighed by its prejudicial effect. We disagree. The State introduced the evidence of Hart's murder to establish that Lockhart had access to a .45 caliber pistol on the night he murdered Jones by showing that five days prior to that murder, Lockhart was present at another crime scene in which the same .45 caliber pistol was used to murder the victim. The shell casing recovered from that murder matched those recovered from Jones's body, tying Lockhart to both murders, and making it more probable that Lockhart committed the Jones murder. Thus, it was independently relevant. Furthermore, this evidence was more probative in determining who killed Jones than it was unfairly prejudicial. Therefore, the evidence of Hart's murder was admissible.

■ For his second assertion, Lockhart claims that the State's purpose in introducing the testimony of Blunt and Newton was to bolster its case by showing that Lockhart was armed on the night of the murder and to connect him to Jones's vehicle. He asserts that this testimony had no independent relevance and should have been excluded under Ark. R. Evid. 404(b) and 403. He maintains that evidence of other crimes is not admissible if it is only offered to show that the defendant had a gun. Furthermore, he argues that the testimony of Blunt and Newton, indicating that Jones's vehicle was the one driven by Lockhart, was not probative because the description they gave of the car driven by Lockhart did not match Jones's vehicle. Therefore, Lockhart contends, the trial court should not have allowed the testimony under either Rule 404(b) or Rule 403 because the evidence only served a facially invalid purpose and was cumulative and unfairly prejudicial.

In support of his argument, Lockhart relies on *Rowdean v. State,* 280 Ark. 146, 655 S.W.2d 413 (1983). In *Rowdean,* the appellant was convicted of first degree murder in a shooting outside a nightclub. The State introduced evidence of an incident that occurred the same night as the crime, wherein the defendant pulled a gun on a patron at another location, to help prove that she committed the crime. On appeal, this court reversed the conviction, stating that the evidence of the previous incident "was not relevant to the motive, opportunity, intent, preparation or plan of the murder charge in question. It [was] an instance of the State using a separate prior act to prove another charge and, consequently, it was highly prejudicial." *Id.* at 148, 655 S.W.2d at 414. Therefore, it was inadmissible.

Lockhart relies on *Rowdean* for his assertion that the State introduced the Blunt and Newton testimony only to show that he had a gun and, thus, the evidence was inadmissible for this purpose. Lockhart is incorrect in his assertion. In *Rowdean,* we reversed the conviction because the State failed to offer a proper purpose for introducing the evidence under Ark. R. Evid. 404(b); it did not offer the evidence to prove the identity of the defendant because the defendant's identity was not at issue and the remaining purposes for admitting the prior bad act were not relevant to the case.

The State, in turn, argues that it offered the testimony of Blunt and Newton to prove the identity of Lockhart, and that the evidence was independently relevant to the main issue of identifying Lockhart as the murderer of David Jones because it establishes that Lockhart had access to a .45 caliber gun on the night of Jones's murder. The State relies on *Bohanan v. State,* 324 Ark. 158, 919 S.W.2d 198 (1996), in support of its argument. In *Bohanan,* the appellant was convicted of capital mur-

der in an attempted robbery. In that case, two parties were gathered at the home of another person when the victim stopped by to purchase a television. A witness left the home to give the victim a ride home. The appellant and another witness left the home and approached the victim. The witness who was in the vehicle with the victim saw the appellant hold a gun to the victim's head. The witness got out of the car and ran away; he then heard two gunshots. The witness who left with the appellant told police that he and the appellant were in the appellant's car the night of the murder. Police found the appellant's car and confiscated it, finding a bullet that matched that found at the crime scene. On appeal the defendant claimed that it was error for the trial court to allow into evidence the bullet found in the defendant's vehicle because it was irrelevant and unfairly prejudicial. The court stated that

[a]ccording to Ark. R. Evid. 401, relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. . . . We cannot say that the trial court in this instance abused its discretion. A .45 caliber bullet and three .45 caliber shell casings were recovered from the scene, including two which were manufactured by the Winchester Cartridge Company; a .45 caliber cartridge manufactured by the Winchester Cartridge Company was recovered from Bohanan's car. It was thus more probable that Bohanan had access to a .45 caliber weapon at the time of the homicide.

Bohanan further submits that the introduction of the bullet was unduly prejudicial and created a danger that "the jury would attach undue significance to this evidence and conclude that the ap-

pellant was somehow involved in the alleged offense." ... This weighing is a matter left to the trial court's sound discretion and will not be reversed absent a showing of manifest abuse. *Id.* The appellant has simply failed to establish an abuse of discretion in this instance.

*Bohanan,* 324 Ark. at 166–67, 919 S.W.2d at 203. In *Bohanan,* the court determined that the presence of the bullet in the appellant's car was relevant because the victim was killed with a .45 caliber bullet and the appellant had a .45 caliber bullet in his car. Thus, the court held, the evidence had a tendency to make it more probable that appellant had access to a .45 caliber weapon at the time of the homicide, and this evidence was not unfairly prejudicial. Likewise, in this case the State's introduction of the testimony of Blunt and Newton was relevant because Jones was murdered with a .45 caliber gun and Lockhart had access to a .45 caliber gun that night. Furthermore, Blunt and Newton's testimony placed Lockhart with Jones's vehicle on the night of the murder because they identified the car he was in as belonging to Jones.

We hold that the trial court did not err in admitting the evidence of the attempted robbery of Blunt and Newton. Under the requirements of Rule 404(b), the evidence of a prior act must tend to prove a material point to be admissible, not merely to show that the person is a criminal. The State claims that this evidence is relevant to prove identity. As we stated in *Smith v. State,* 2010 Ark. 75, 364 S.W.3d 443, evidence of a prior act may be relevant in connection with other facts to form a link in the chain of evidence necessary to support a party's contention. The evidence offered by the State of the attempted robbery was provided to show yet another link in the chain of evidence that helped identify Lockhart as the murderer of Jones. On the night of Jones's murder,

Lockhart was seen by Blunt and Newton with a gun when he attempted to rob them. The testimony of Blunt and Newton placed Lockhart in a vehicle matching a description of Jones's vehicle as it drove away from the attempted robbery. Jones was murdered within a short time of this attempted robbery. Thus, the above evidence made it more probable that Lockhart murdered Jones and stole his vehicle, and, therefore, was relevant. Furthermore, the evidence was offered to prove identity, a proper purpose. Therefore, the testimony of Blunt and Newton was admissible under Rule 404(b). In addition, Lockhart has failed to demonstrate that the trial court abused its discretion in admitting the evidence under Rule 403 as unfairly prejudicial because the probative value of the evidence outweighed any prejudice. We, therefore, affirm on this point.

Pursuant to Rule 4–3(i) of the Rules of the Arkansas Supreme Court, the record in this case has been reviewed for all objections, motions, and requests made by either party, which were decided adversely to Lockhart. We find no errors and affirm on all points.

Affirmed.